HORTON, Judge.
This was an action to foreclose a mechanic’s lien instituted by the appellee, Arch Creek Lumber Company, a material-man, against the owner, Sterling Apartments, Inc., and Bruce Richardson, a subcontractor, as well as one Rothlein, the contractor. By stipulation of the parties, Rothlein was dismissed from the suit. During the progress of the suit, the claim of lien was transferred to a bond.
This appeal is from a final decree which found the appellee, Arch Creek Lumber Company, had a lien against the real property of the appellant, and judgment was rendered on the bond in favor of the mate- *713 rialman against the appellant and sub-contractor, Richardson, for the amount claimed, together with interest and costs. In addition, the decree found that the subcontractor was entitled to a judgment against the appellant in the sum of $1,400, although the decree recognized that Richardson had not taken steps to perfect a lien.
The appellant’s primary contention here is that the appellee, Arch Creek Lumber Company was not entitled to a lien because it was the materialman to the subcontractor, and was not in privity with the owner, and, therefore, not entitled to the benefit of the mechanic’s lien law. Further, it is contended that the claim of the sub-contractor to a lien is contrary to the law as well as the facts developed by the testimony at the trial which showed that the sub-contractor had not attempted to comply with the mechanic’s lien law.
As to the first of appellant’s contentions, we conclude that the trial judge was eminently correct in finding as well as adjudicating that the appellee, Arch Creek Lumber Company, had provided the materials which were incorporated in the building constructed on the appellant’s property; that said materials were not paid for and that a claim of lien was filed in accordance with the provisions of the mechanic’s lien law. Generally, the sworn statement required of the contractor (§ 84.04, Fla.Stat., F.S.A.) offers protection only to the owner, the sub-contractors and the materialmen of the contractor. As stated in Richard Store Company v. Florida Bridge & Iron, Inc., Fla.1954, 77 So.2d 632, 633:
“There is no provision under the lien law casting a burden upon the owner or contractor to see that a defaulting sub-contractor pays his subcontractors or materialmen.”
An exception to this general rule was recognized in Bensam Corp. v. Felton, Fla.1953, 63 So.2d 278, where it appeared that the contractor had made a new agreement with a materialman of the sub-contractor. The court found the new agreement changed the relationship of the parties so that the materialman was then in privity with the contractor and entitled to a mechanic’s lien as a materialman to the contractor.
In the instant case, it appears that the sub-contractor abandoned the job before the completion of his work, leaving behind the materials supplied by Arch Creek Lumber Co. Thereupon, a conference was had among representatives of the owner, contractor, sub-contractor and ma-terialman, wherein it was decided that the contractor would finish the work of the sub-contractor. To do this, the contractor used the materials supplied by the'lumber company. Such action on the part of the contractor is sufficient to create an estoppel on the part of the contractor to deny that the lumber company is his materialman. The facts indicate that the materials were delivered for the use of the sub-contractor and the contractor assumed the obligation of the sub-contractor to finish the work. Acceptance by the contractor of the materials ordered by the sub-contractor necessarily imposes an obligation to pay for the same. 19 Am.Jur., Estoppel § 64. By properly giving notice to the owner, pursuant to the statute, the materialman perfected its lien.
As to the appellant’s second contention with regard to that portion of the final decree awarding judgment against the appellant and in favor of the sub-contractor, we conclude that this contention has merit. The chancellor in his findings, said:
“On the basis of the above facts and the evidence submitted, the Court is of the opinion that the equities are with the plaintiff and that it is entitled to the relief prayed for and that although the defendant, Richardson, has *714 not taken steps to perfect a lien against the owner, he is entitled to a judgment against the owner. * * * ”
Without delineating the testimony and evidence as it applied to the claim of the subcontractor, suffice it to say that we conclude that his claim was legal in nature and could not be supported either under the mechanic’s lien law or on equitable principles. Since the sub-contractor has failed to establish the right to enforce any portion of his claim as a lien, he could not obtain judgment against the owner in these proceedings. As the Supreme Court of Florida said, in Surf Properties, Inc. v. Markowitz Bros., Inc., Fla.1954, 75 So.2d 298, 303:
. “ * * * [I]n the absence of an award of a lien for some amount, there is no basis for the awarding of such damages as the plaintiff might have proved in the instant suit, as authorized by Section 84.29, Florida Statutes, F.S.A., since that statute only applies ‘in cases where the claimant contractor has established the right to enforce his lien as to at least a part of the amount claimed.’ ”
See also, Shad v. Arnow, 155 Fla. 164, 19 So.2d 612, 613. Since there is a failure on the part of the subcontractor to prove that any portion of his claim was enforceable as a lien against the owner, he should have been relegated to such remedy as he wished to pursue in a court of law.
Accordingly, that portion of the decree which awarded judgment against the owner as principal on the bond in favor of the appellee, Arch Creek Lumber Company, is affirmed. That portion awarding judgment to the appellee, Richardson, is reversed.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and PEARSON, J., concur.