PEARSON, Judge.
Frank A. Gory, doing business as Gory Roofing Tile Mfg., was a materialman supplying roofing tiles to a residence being built by Karl C. White and Florence Dale White, his wife. From a final decree dismissing Gory’s complaint to foreclose a mechanic’s lien for the unpaid purchase price of the roofing tiles, Gory appeals, and we affirm.
Mr. and Mrs. White, as the owners of the property, entered into a contract with a general contractor for the erection of the building. The general contractor subcontracted the roofing work to Carib Roofing Company; Carib purchased the roofing tiles from Gory. The material was delivered to the job site and in the ordinary process of work became a part of the building. Carib failed to complete the job and to pay Gory for the tiles. Because of a misplaced confidence in Carib, the contractor paid Carib prior to its default upon the job all but $84 of the agreed subcontract price. At this juncture Gory filed his claim of lien and served a copy thereof on the Whites. Thereafter, it was necessary for the general contractor to pay a second roofing company $250 to install gutters and downspouts in order to complete the roofing subcontract. Subsequent to the receipt of a copy of the claim of lien the owners made the final payment to their general contractor. This payment was approximately $919. Thereupon, Gory, as materialman under the mechanics’ lien law instituted this action to foreclose the claimed lien against the real property.
The chancellor, after hearing the testimony, dismissed the claim of the material-man, specifically finding “that this case is governed by the case of Richard Store Company v. Florida Bridge & Iron, Inc., Fla.1954, 77 So.2d 632.” The cited case was decided by the Supreme Court upon a petition for a writ of certiorari directed to the Circuit Court of Dade County to re *447 view an affirmance of a judgment of the civil court of record. The action of the civil court of record had arisen from an attempted enforcement in that court of a lien claimed by Florida Bridge & Iron for work done and materials furnished by it as a sub-subcontractor. The first question that the Supreme Court considered was “whether under the circumstances the respondent sub-subcontractor Florida Bridge & Iron is entitled to a mechanic’s lien for the full contract price in accordance with the oral agreement with Ferguson, the sub-contractor”. [77 So.2d 634] The facts as they appear were that Richard Store, as owner, gave a general contract to one Howland, and that Howland as the prime contractor in turn contracted with Ferguson for the latter to perform a part of the contract. Thereafter, Ferguson subcontracted a certain portion of its own subcontract to Florida Bridge & Iron. Ferguson defaulted in its contract, but Florida Bridge & Iron completed its portion of the sub-subcontract and upon nonpayment of amounts due it from Ferguson, instituted an action to foreclose its lien, which was the subject matter of the suit.- In deciding the question of whether the sub-subcontractor is entitled to a mechanic’s lien the court held as follows:
“The Mechanics’ Lien Law is in apposition with the theory of subrogation. We do not adhere to the lien law as grounded on implied agency, ratification or quantum meruit followed in approximately 20 states. See 6 Miami L. Q. 246,250, Note 36. There is no provision under the lien law casting a burden upon the owner or contractor to see that a defaulting subcontractor pays his sub-contractors or materialmen.”
Accord, Phoenix Indemnity Co. v. Board of Public Instruction, Fla.App.1959, 114 So.2d 478, 481; cf. Sterling Apartments, Inc. v. Arch Creek Lumber Co., Fla.App.1959, 113 So.2d 711.
A distinction is apparent between the case just discussed and the one now under consideration in that the Richard Store case dealt with a claim of lien by a sub-subcontractor and the instant case deals with a claim of lien by a materialman for materials furnished to a subcontractor. But is such a distinction a real distinction? We hold that it is not and that the holding in the Richard Store case precludes recovery in the instant case. There is logically no difference in the legal position of a materialman who provides building material pursuant to a contract with a subcontractor and that of a sub-subcontractor who provides labor and building material pursuant to a contract with a subcontractor. The Mechanics’ Lien Law does not make such a distinction.[1] A mechanic’s lien claimant acquires a lien only by virtue of the provisions of the Mechanics’ Lien Law and his compliance therewith. See cases cited at 22 Fla.Jur., Mechanics’ Liens § 8. Therefore the chancellor correctly dismissed the case.
Affirmed.
HORTON, C. J., and PROBY, LUCIEN C., Associate Judge, concur.

. Section 84.02, Fla.Stat., F.S.A., reads in part: “A contractor, sub-contractor, ma-terialman or laborer shall, subject to his compliance with the provisions of this chapter and to the limitations of this section and to the provisions of §§ 84.04 and 84.05 and subject to the priorities established by §§ 84.06 and 84.20, have a lien on the real property improved for any money that shall be owing to him for labor or services performed or materials furnished in accordance with his contract and with the direct contract. * *