134 So.2d 42 (1961)
QUALITY LIME PRODUCTS, INC., Appellant,
v.
ACME PAVING COMPANY, Inc., et al., Appellees.
No. 2322.
District Court of Appeal of Florida. Second District.
November 1, 1961.
Rehearing Denied November 16, 1961.
*43 Andrew G. Pattillo, Jr., of Sturgis & Pattillo, Ocala, for appellant.
Harold C. Farnsworth, of Hall, Farnsworth & Rousseau, Tampa, for appellee Tom McDonald Oil Co.
Thomas C. MacDonald, Jr., and Thomas P. Evans, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for amicus curiae Graybar Electric Co.
SHANNON, Chief Judge.
The appellant, Quality Lime Products, Inc., appeals from a final decree below denying its claim for a mechanic's lien.
The appellant was a supplier of materials to a subcontractor and had gone through all the steps necessary to create a lien, so the question before us is: Assuming compliance in all respects with the procedural provisions of the Mechanics' Lien Law, does a materialman to a subcontractor have a right to claim, perfect and foreclose upon a mechanic's lien in accordance with the provisions of the Mechanics' Lien Law? The court below refused to grant the appellant a lien, and hence this appeal.
The appellant has cited us Florida cases which, he says, compel us to rule in his favor. Appellee, on the other hand, cites us several cases, which, he asserts, preclude the appellant from a mechanic's lien.
Since the original briefs were filed, leave was given and the appellant filed a supplemental brief in which he cites the case of Gory v. White, Fla.App. 1961 (Third District), 129 So.2d 446; and in addition to this case he cites an act of the Florida Legislature, Ch. 61-326, Laws of Florida, 1961. The legislative act provides in part as follows:
"Section 1. Chapter 84, Florida Statutes is hereby amended to add an additional section to be known as Section 84.021 as follows:
"Section 84.021  It is the Legislative intent that materialmen furnishing materials to a sub-contractor as defined in Section 84.01 and a sub-contractor as defined performing any part of a subcontractor's contract shall, subject to compliance with the provisions of this chapter, have a lien and be entitled to the benefits of this chapter."
We can first dispose of the legislative act by saying that by its language it takes effect on July 1, 1961, whereas the *44 final decree which is appealed is dated November 14, 1960. If there were any doubt in our minds about the interpretation of Ch. 84, Fla. Stat. F.S.A., we could give some consideration to the amendment, but as stated in appellant's supplemental brief:
"It may be conceded that, where intervening rights have arisen, the mandatory operation of an explanatory act such as the instant one is generally regarded as prospective only, and that retroactive declaratory statutes will not be allowed to affect vested rights. And we would agree with the proposition that the Legislature may not, under cover of giving a construction to an existing statute, invade private rights with which it could not interfere with a new and affirmative statute."
The case of Gory v. White, supra, together with the case of Richard Store Company v. Florida Bridge & Iron, Inc., Fla. 1954, 77 So.2d 632, sets such matter at rest. In Gory v. White, supra, a materialman furnished materials under contract with a roofing subcontractor and it was held that the materialman's claim furnished no basis for a mechanic's lien under provisions of the Mechanics' Lien Law. In passing on the question, Judge Pearson, for the court, stated:
"A distinction is apparent between the case just discussed and the one now under consideration in that the Richard Store case dealt with a claim of lien by a sub-subcontractor and the instant case deals with a claim of lien by a materialman for materials furnished to a subcontractor. But is such a distinction a real distinction? We hold that it is not and that the holding in the Richard Store case precludes recovery in the instant case. There is logically no difference in the legal position of a materialman who provides building material pursuant to a contract with a subcontractor and that of a sub-subcontractor who provides labor and building material pursuant to a contract with a subcontractor. The Mechanics' Lien Law does not make such a distinction. A mechanic's lien claimant acquires a lien only by virtue of the provisions of the Mechanics' Lien Law and his compliance therewith. See cases cited at 22 Fla.Jur., Mechanics' Liens, § 8. Therefore the chancellor correctly dismissed the case.
"Affirmed." [129 So.2d 447]
Finding no error we will have to affirm the chancellor.
Affirmed.
KANNER and WHITE, JJ., concur.