ALLEN, Judge.
The appellee, Adobe Brick and Supply Company, brought a mechanics’ lien foreclosure against Boca Raton Investors, Inc., alleging that the appellee had furnished materials for the improvement of property owned by Boca Raton Investors, Inc.
The Boca Raton Investors, Inc., moved for an order joining as cross-defendants the general contractor, M. N. Weir & Sons, the subcontractor, Florida Insulation and Acoustical Co., Inc., and its assignee, General Capital Corporation. An order was entered bringing these parties into this action and including William H. Davis, as Trustee in Bankruptcy for Florida Insulation and Acoustical Co., Inc.
After the order bringing in the various cross-defendants, the General Capital Corporation moved for judgment on the pleadings and Adobe Brick and Supply Company moved for summary final decree. The lower court, on July 25, 1961, rendered a summary final decree in favor of Adobe Brick and Supply Company.
The trial court, on May 10, 1961, had entered a preliminary order authorizing the owner of the property, Boca Raton Investors, Inc., to deposit the sum of $3,562.85 into the registry of the court and ordering the liens filed to be marked transferred to cash bond.
The appellant states the following question:
“Whether the trial court erred in ruling as a matter of law that a mate-rialman to a subcontractor has a right to claim a mechanics’ lien against the owner of property improved by the *83 addition therein of his materials, since as a matter of law the materialman of a subcontractor is not entitled to such a lien.”
This court, in an opinion rendered November 1, 1961, after the trial judge had rendered his decree in the instant case, held in Quality Lime Products, Inc., v. Acme Paving Company, Fla.App.1961, 134 So.2d 42, that a supplier of materials to a subcontractor was not entitled to a lien.
In the case of Richard Store Company v. Florida Bridge & Iron, Fla.1954, 77 So.2d 632, on rehearing, the Supreme Court, in its opinion, written by Mr. Justice Terrell, said:
“ * * * The Mechanics’ Lien Law is in apposition with the theory of subrogation. We do not adhere to the lien law as grounded on implied agency, ratification or quantum meruit followed in approximately 20 states. See 6 Miami L. Q. 246, 250, Note 36. There is no provision under the lien law casting a burden upon the owner or contractor to see that a defaulting subcontractor pays his sub-contractors or materialmen.”
We hold that Adobe Brick and Supply Company, as a materialman of a subcontractor, Florida Insulation and Acoustical Co., Inc., had no lien on the monies deposited into the court registry.
The appellee, in its brief, calls the attention of the court to a 1961 amendment, Chapter 61-326, Florida Laws, in which Chapter 84, Florida Statutes, F.S.A. was amended as follows:
“It is the Legislative intent that ma-terialmen furnishing materials to a sub-contractor as defined in § 84.01 and a sub-contractor as defined performing any part of a sub-contractor’s contract shall, subject to compliance with the provisions of this chapter, have a lien and be entitled to the benefits of this chapter.”
This act took effect July 1, 1961. While the final decree in this case was not entered until July 25, 1961, a preliminary decree had been entered on May 10, 1961, authorizing the deposit of the sums of money heretofore mentioned into the registry of the court, and, in addition, the work involved herein preceded the date of the amendment to the lien statute heretofore mentioned. Therefore, the amended act cannot aid the appellee, as we held in Quality Lime Products, Inc., v. Acme Paving Company, supra.
Reversed for further action not inconsistent with this opinion.
SHANNON, C. J., and WHITE, J., concur.