ALLEN, Judge.
This is an appeal from a summary judgment rendered in favor of the defendant-appellees in a mechanics’ lien action. The plaintiff-appellant is an electric supply company and the defendants are a prime-general contractor who performed work on the co-defendant-church’s property. A defaulting subcontractor to whom plaintiff sold the supplies was not named as a defendant.. The plaintiff’s position is that of an unpaid! materialman who had supplied materials ‡» a defaulting subcontractor who claimed a lien by virtue of an amendment to Chapter 84 (84.021) which became effective July 1, 1961.
Basically, the defense was that the plaintiff was a materialman for a subcontractor, that he furnished materials pursuant to a contract with a subcontractor during the months of June, July, August and September, 1961; that visible commencement of operations on the construction job began during the month of June, 1961; and the plaintiff had no lien because Section 84.021 did not take effect until July 1, 1961.
In the case of General Capital Corporation v. Adobe Brick and Supply Co., Fla.App.1962, 138 So.2d 82, we held that a ma- *509 terialman or subcontractor had no right under the law that existed prior to July 1, 1961, to claim a mechanics’ lien against the owner of property improved. In our opinion we stated:
“This court, in an opinion rendered November 1, 1961, after the trial judge had rendered his decree in the instant case, held in Quality Lime Products, Inc., v. Acme Paving Company, Fla.App.1961, 134 So.2d 42, that a supplier of materials to a subcontractor was not entitled to a lien.
******
“The appellee, in its brief, calls the attention of the court to a 1961 amendment, Chapter 61-326, Florida Laws, in which Chapter 84, Florida Statutes, F.S.A. was amended as follows:
“ ‘It is the Legislative intent that materialmen furnishing materials to a sub-contractor as defined in § 84.01 and a sub-contractor as defined performing any part of a sub-contractor’s contract shall, subject to compliance with the provisions of this chapter, have a lien and be entitled to the benefits of this chapter.’
“This act took effect July 1, 1961. While the final decree in this case was not entered until July 25, 1961, a preliminary decree had been entered on May 10, 1961, authorizing the deposit of the sums of money heretofore mentioned into the registry of the court, and, in addition, the work involved herein preceded the date of the amendment to the lien statute heretofore mentioned. Therefore, the amended act cannot aid the appellee, as we held in Quality Lime Products, Inc., v. Acme Paving Company, supra.”
In the case of Rieck & Fleece v. Cunniff, 1939, 138 Fla. 742, 190 So. 8, a suit was brought by Rieck & Fleece, Inc., against Thomas C. Cunniff and others to foreclose an alleged lien on certain lands for building materials and supplies. From an order dismissing the bill of complaint, the complainant appealed. The court, in its opinion, stated:
“It was alleged that complainant began to furnish the materials on April 15, 1935, and continued to furnish same until the 24th day of July, 1935.
“The bill of complaint, therefore, shows upon its face that the suit was instituted more than twelve months after the furnishing of the materials.
“Chapter 17097, Acts of 1935, is not applicable to this suit because Section 30 of that Act provides:
“ ‘Section 30. Act governs liens on-future contracts only. This act shall apply to such liens only as arise under direct contracts under which visible commencement of operations takes place after the date when this act becomes effective. Neither section 37 nor any other provision of this act shall apply to liens arising under earlier contracts.’ ”
In the case of Geiser v. Permacrete, Inc., Fla.1956, 90 So.2d 610, Mr. Justice O’Con-nell, in the opinion of the Court at page.-612, stated:
“ * * * Then, in 1936, we adopted the Uniform Mechanics’ Lien Law. We seem to have been the only State to do so. Subsequently, in the Price Dredging Corporation case, supra, we construed the provision to provide a blanket lien in favor of all mechanics- and materialmen, relating back to the date when operations were first visibly commenced, because we found that, the statute held that the liens ‘ “shall relate to and take effect from the time of’ the [first] visible commencement of operations” ’. [ (W. T. Price Dredging Corp. v. Suarez) 147 Fla. 253, 2 So.2d (740) 741] In the more recent case of Reading v. Blakeman, Fla., 66 So.2d 682, 683, we held that a mortgagee-was ‘chargeable with notice, of Sectioni *510 84.03(1), F.S., F.S.A., which provides that liens shall relate to and take effect from the [first] visible commencement of operations.’ ”
* # * * * *
“Consequently, we feel that we are forced to hold that since the statute specifically so provides, all liens arising under Chapter 84, F.S.A. shall relate hack to the time of the visible commencement of operations.”
The supporting affidavit of Seaman Construction Company in its answer alleged as an affirmative defense that plaintiff was a materialman for a subcontractor; that plaintiff furnished materials pursuant to a ■contract between plaintiff and subcontractor during the months of June, July, August ■and September, 1961; that visible commencement of operations on the construction job began during the month of June, 1961; and that plaintiff had no lien because Section 84.021 did not take effect until July 1, 1961.
The lower court, in its order granting a summary decree for the property owners, states:
“ * * * and the Court having found that plaintiff supplied materials to a sub-contractor for use in improvement of the property of the defendants, Board of Trustees of Reeves Memorial Methodist Church; that the contract for furnishing said materials was entered into in June, 1961, or prior thereto; that the said materials were furnished during the months of June, July, August, and September of 1961; that visible commencement of operations on the said property began prior to July 1, 1961; that prior to the effective date of Section 84.021 of the Florida Statutes which was July 1, 1961, a material-man had no lien for materials supplied to a sub-contractor; that Section 84.-021 of the Florida Statutes gives a lien only for materials furnished by a mate-rialman to a sub-contractor on a job on which visible commencement of operations occurred on and after July 1, 1961; and that the motion for summary decree filed and served by the defendant, FRANK SEAMAN CONSTRUCTION COMPANY, INC., should be granted, the Court having found from the Court file herein and all pleadings, depositions and admissions on file, together with affidavits in support of and opposing said motion, that there is no genuine issue of any material fact and that the said defendant, FRANK SEAMAN CONSTRUCTION COMPANY, IN C., is entitled to a summary decree in its favor as a matter of law, it is, thereupon.”
The effect of the court’s order was that the amended act took effect on July 1, 1961 ; that visible commencement of operations on the property began prior to July 1, 1961; that Section 84.021 gives the lien only for materials furnished by a materialman to a subcontractor on a job on which visible commencement of operations occurred on and after July 1, 1961.
We conclude that the lower court was justified in granting the summary decree, that no material issue was created by the counter affidavit, and that the lower court should be affirmed.
Affirmed.
SMITH, C. J., and ANDREWS, J., concur.