ALLEN, Chief Judge.
Appellant J. P. Driver Company, has-appealed from a final order of dismissal of its action against the appellees.
The defendant-appellees, Mr. and Mrs.. Ciaxton, own certain real property in Hills-borough County on which they contracted' to build a motel. Defendant-appellee Hal' Construction Company, Inc., was the general contractor for the project. It subcontracted with Lariscy Paving Company,. *441 Inc., for the grading and paving work. Lariscy, in turn, subcontracted with the plaintiff in a written contract to install a shell base for the paving. It will be noted that the appellant-plaintiff, J. P. Driver Company, is a sub-subcontractor.
While plaintiff was performing its contract for Lariscy, the owners of the land, Mr. and Mrs. Claxton, decided that they wanted some extra work performed in addition to that shown on the plans and specifications. This extra work was performed by the plaintiff with the knowledge of defendant Leon Claxton and defendant Hal •Construction Company, Inc., his contractor.
Plaintiff, whose work was not paid for, filed a complaint to foreclose a mechanic’s lien.
The chancellor below held that the plaintiff was a sub-subcontractor, a lessor of ■equipment, and operator to a subcontractor, and therefore not entitled to a mechanic’s lien under the provisions of Chapter 84, Florida Statutes, F.S.A. (1963).
In the case of Quality Lime Products, Inc. v. Acme Paving Company, Fla.App. 1961, 134 So.2d 42, we held that the decree of the trial court, which was entered prior to the effective date of a statute providing that materialmen furnishing materials to subcontractors were to have liens, was not affected by that statute and the material-man was not entitled to a lien.
The case involved here is governed by Chapter 84, Florida Statutes (1963) F.S.A. Section 84.02, Florida Statutes (1959) F. S.A., provided for extending a lien to a sub-subcontractor and materialmen on the real property improved.
In Gory v. White, Fla.App.1961, 129 So.2d 446, the Third District Court of Appeal held that materialman who furnished materials under a contract with a defaulting subcontractor could not assert a lien.
The 1961 Legislature adopted Section 84.021, which provided that it was the Legislative intent that materialmen and sub-subcontractors would be entitled to mechanics’ liens.
In Conway v. Sears, Roebuck and Company, Fla.1966, 185 So.2d 697, the Supreme Court refused to extend this right to a sub-sub-subcontractor, holding he was too remote in privity with the owner to be entitled to a mechanic’s lien.
The 1963 Legislature revised the Mechanic’s Lien Law. In this revision, Section 84.022(4) specifies that the rights of persons not in privity with the owner are determined by Section 84.061, which provides that a materialman, or a subcontractor who complies with the provisions of Chapter 84, shall have a lien.
We hold, therefore, that the lower court was correct in holding that a sub-subcontractor, such as the plaintiff, would not come within the purview of the Act.
During the presentation of the plaintiff’s case, its Vice-president testified that Mr. Claxton promised that he would personally pay the plaintiff if it did not receive payment for its work. This testimony was excluded by the court as this issue was not pleaded in the complaint. The court gave the plaintiff an opportunity to amend and told the plaintiff that failure to amend at that time might have an adverse effect on its claim if all three counts of the amended complaint were dismissed. Plaintiff declined to amend. Plaintiff also had another opportunity to amend but did not do so.
After the plaintiff had rested its case at the final hearing, the court announced its intention to dismiss the amended complaint. Before the final order was entered, plaintiff filed a motion to reopen its case, admit certain testimony the court had excluded, and amend its amended complaint. The court denied plaintiff’s motions, granted the defendants’ motion for award of attorneys’ fees, and entered the final order of dismissal on which this appeal is based.
The circuit court did not abuse its discretion in denying plaintiff’s motion to *442 amend its amended complaint, especially since plaintiff twice had the opportunity to amend its amended complaint hut its contested motion was not made until after the case had been completed and the judge had announced his decision.
We have noted all the questions in appellant’s brief and find the trial court committed no reversible error.
Affirmed.
LILES and PIERCE, JJ., concur.