219 So.2d 475 (1969)
The CECO CORPORATION, a Foreign Corporation, Appellant,
v.
Burton GOLDBERG, Trustee, and Joyce Goldberg, His Wife, and Sailboat Bay, Inc., a Florida Corporation, Appellees.
No. 68-609.
District Court of Appeal of Florida. Third District.
February 25, 1969.
Rehearing Denied March 19, 1969.
*476 Walsh & Dolan, Ft. Lauderdale, for appellant.
Richard L. Lapidus, Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, a sub-subcontractor, brought suit against the appellees to foreclose a mechanics' lien against the appellees' property for labor and materials furnished in the construction of an apartment house. Defendants-appellees moved to have the trial court dismiss the complaint on the ground that the Mechanics' Lien Act, § 713.01 et seq. Fla. Stat., F.S.A., does not afford a lien to a sub-subcontractor. It was on that motion and for that reason that the court entered an order dismissing the claim with prejudice. The sole point on appeal is whether the Mechanics' Lien Act of Florida, supra, affords a lien to a sub-subcontractor.
Since we are called upon to determine the Legislature's intent as to a statute, our attention must focus not only on the presently effective statute, § 713.01 et seq. Fla. Stat., F.S.A. (1967), but also upon its predecessors. Our task as a reviewing court is to afford a logical construction according to the general terms and intentions of the entire Mechanics' Lien Act. Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., Fla. 1953, 63 So.2d 924. The trial court was convinced that since § 713.06 supra, (1967), does not specifically mention sub-subcontractors as a class of potential lienors, then such class of persons cannot be entitled to a lien. Moreover, additional weight was given to this argument by virtue of the fact that in 1961, the Mechanics' Lien Act, § 84.021 Fla. Stat., F.S.A., did, by specific reference to § 84.01, allow the class of sub-subcontractors to be entitled to a mechanics' lien. Thus, the view that a sub-subcontractor could not be afforded a mechanics' lien under the 1967 Statute was not an unreasonable one. In fact, that very argument was approved in J.P. Driver Company v. Claxton, Fla.App. 1967, 193 So.2d 440, cert. denied, Fla., 201 So.2d 550.
However, we must construe the Mechanics' Lien Act according to general equitable principles so as to best protest *477 the interest of those enhancing realty, since it is that class for whose benefit the mechanics' lien exists. Greenblatt v. Goldin, Fla. 1957, 94 So.2d 355; Hendry Lumber Company v. Bryant, 138 Fla. 485, 189 So. 710; Miller v. Duke, supra. Moreover, it is axiomatic that we construe the statute as a whole entity, and not by its separate parts, in order to arrive at a construction which avoids illogical results. Palm Springs General Hospital, Inc. v. State Farm Mutual Automobile Insurance Co., Fla.App. 1969, 218 So.2d 793 (Third Dist. Ct. of App., opinion filed Jan. 28, 1969). Subsequent revisions of the Mechanics' Lien Act, § 84.01 et seq., Fla. Stat., F.S.A. (1961), omitted the term, "sub-subcontractor", or any reference to another provision containing such term, from the section defining those entitled to the mechanics' lien. However, the underlying reason for the subsequent revisions was not to change the scope of persons entitled to the statutory protection; rather, the revisions were enacted to remedy procedural defects which had led to "hidden liens" being placed against an owner by persons not in privity, without notice to the owner. See: Ervin, Revised Mechanics' Lien Law; The Whys and Wherefores, 37 Fla. Bar Journal 1095 (1963).
One provision which has remained specifically enumerated in all revisions of the Mechanics' Lien Act is found in § 713.23 Fla. Stat., F.S.A. (1967), formerly § 84.231 Fla. Stat., F.S.A. (1963). This section governs posting of a payment bond by potential lienors for the protection of the owner. By continuing to provide such protection for the owner as against persons not in privity, the Legislature has set forth one prong of an equitable set of protective devices. The other prong should be seen to be the mechanics' lien itself, an equitable device designed to protect those enhancing the owner's property who are not in direct privity with him. Moreover, the definition section of all the foregoing statutes have continued to include "sub-subcontractor" in their terminologies. Compare: § 84.011(17) Fla. Stat. F.S.A. (1963); and, § 713.01(17) Fla. Stat., F.S.A. (1967).
In conclusion then, we stand in agreement with the appellant's contention that the only logical conclusion to be drawn from the foregoing analysis is that the term, "subcontractor" as used in § 713.06(1) supra, also encompasses sub-subcontractors when the law is read as a whole.
Reversed.
PEARSON, Judge (dissenting).
I would affirm upon the reasoning and authority of the decided case, J.P. Driver Company v. Claxton, Fla.App. 1967, 193 So.2d 440.