PER CURIAM.
This cause has previously been before this court.[1] After the trial of the cause, the trial judge found that under the facts of the case Ceco Corporation was entitled to its lien. The appellant, Goldberg, now seeks a reversal of the judgment upon the argument that the mechanic’s lien act does not furnish to a sub-subcontractor the right to a lien where his immediate sub-contractor has defaulted and the owner has made proper payments under the act. We find that it is unnecessary to decide this point because we hold that the record contains competent substantial evidence to support a finding by the trial judge that the owner and his agent, the cost-plus contractor, did not make proper payments under the contract. See Melnick v. Reynolds Metals Company, Fla.App.1970, 230 So.2d 490; Jenkins v. Graham, Fla.App.1970, 237 So.2d 330, 332.
Affirmed.

. Ceco Corporation v. Goldberg, Fla.App.1969, 219 So.2d 475; Goldberg v. Ceco Corporation, Fla.1969, 230 So.2d 149.