QUESTION: Is the Division of Corrections of the Department of Health and Rehabilitative Services authorized under Ch. 945, F.S., to sell manufactured items to agencies, departments, and institutions of states other than Florida in instances where there exists no current demand for such manufactured items by the eligible users specified in s. 945.16(1)(a)?
SUMMARY: The Division of Corrections of the Department of Health and Rehabilitative Services is not authorized under Ch. 945, F.S., to sell prison-made items to agencies, departments, and institutions of states other than Florida in instances where there exists no current demand for manufactured items by eligible users specified in s. 945.16(1)(a), F.S. The answer to your question is in the negative. Section 945.06(2), F.S., provides: (2) The division is authorized to cause to be manufactured, processed or produced by the inmates of the adult correctional institutions under the control and supervision of the division such items as are practical and adaptable for prison industry and are needed and used in state institutions and agencies. (Emphasis supplied.) Section 945.13, F.S., directs the Division of Corrections to conduct and maintain the prison industrial plants in a manner profitable to the state and for the benefit of the inmates of the adult correctional institutions. Section 945.14(1), F.S., provides as follows: (1) No goods, wares, or merchandise manufactured or mined in whole or in part by prisoners (except prisoners on parole or probation) shall be sold or offered for sale in this state by any person, or by any federal authority, state, or political subdivision thereof; provided, however that nothing in this section and s. 945.15 shall be construed to forbid the sale, exchange, or disposition of such goods within the limitations set forth in s. 945.16(1). (Emphasis supplied.) Section 945.16(1)(a), F.S., provides: All services or items manufactured, processed, grown, or produced by the division in its present programs or in future programs and not required for use therein may be furnished or sold to all state agencies, departments and institutions. Certain enumerated items and services may be sold to the designated local governmental entities and officers pursuant to s. 945.16(1)(b), F.S., but no other items are to be sold to such local agencies or officials without specific authority from the Legislature.
Your question concerns itself with surplus items resulting from the operation of the various "manufacturing programs" carried on by the division. The sale of such prison-made items or products is prohibited by the terms of s. 945.14(1), F.S., unless excepted therefrom by the proviso therein contained exempting the sale, exchange, or disposition of such items within the limitations set forth in s. 945.16(1), F.S. In statutory construction, each and every part of Ch. 945, F.S., is to be construed together and effect given to the whole and all parts thereof. Florida Jai Alai, Inc. v. Lake Howell Water Reclamation Dist., 274 So.2d 522 (Fla. 1973). If there is any doubt as to the meaning of language employed in the statute or if it is susceptible of more than one interpretation, the legislative history, legislative setting, subject matter on which the statute operates, and the objective to be obtained are to be considered in determining the legislative intent and the scope of the statute as enacted or amended. Foley v. State ex rel. Gordon, 50 So.2d 179 (Fla. 1951). In this regard attention must be focused not only on the existing statute but also upon its predecessors. Ceco Corporation v. Goldberg,219 So.2d 475, cert. denied 230 So.2d 149 (Fla. 1969). With the foregoing in mind, a brief review is now made. In 1959, it is noted, the state of statutory law, insofar as it is essential to this discussion, gave supervision of the correctional system to the Board of Commissioners of State Institutions through the Division of Corrections to be administered by the executive director. Section 945.14, F.S., at that time contained a prohibition against the sale or the offering for sale of any goods manufactured by convicts or prisoners in this state by any person or by any federal authority, state or political subdivision with the proviso: . . . Nothing in ss. 945.14 and 945.15 shall be construed to forbid the sale, exchange, or disposition of such goods to any institution supported wholly or in part by funds derived from public taxation and operated under the supervision of the United States, the state, or any other state in the union, or any political subdivision thereof. (at p. 3017, 1957 F.S.) Section 945.16, F.S., at that time, stated that items manufactured, processed, or produced in correctional institutions under the direction and supervision of the board that were not required for use where manufactured, processed, or produced should be furnished to state institutions and agencies together with school and office furniture and clay products. Section 945.14, F.S., was amended in 1961 by Ch. 61-180, Laws of Florida, by adding a new paragraph designated subsection (2). The added provision authorized the sale of items made by prisoners as a hobby during hours when they have no assigned duties to perform and left intact the prohibition and exception previously existing as subsection (1) of s. 945.14, F.S. Section 945.14(1) and s. 945.16(1), F.S., were further amended by Ch. 63-176, Laws of Florida. In s. 945.14(1), F.S., the proviso above quoted was changed to read as follows: . . . nothing in Sections 945.14 and 945.15 shall be construed to forbid the sale, exchange, or disposition of such goods within the limitations set forth in s. 945.16(1). In s. 945.16(1), F.S., the amendment substantially rewrote the subsection. Section 945.16(1), F.S., was amended by Ch. 71-109, Laws of Florida, by a substantial rewording creating s. 945.16(1)(a) and (b), reflected in official Florida Statutes 1973. One essential feature of the rewritten subsection (1) was to provide that services or items manufactured, processed, or produced "may be furnished or sold" rather than the term "shall be furnished." The title to Ch. 63-176 makes it plain that what is now s. 945.14, F.S., refers to State of Florida agencies and institutions (not other states) and that s. 945.16, F.S. 1969, referred to State of Florida agencies and institutions and not to other states or their agencies and institutions. In this connection attention is here directed to an examination of the title to Ch. 71-109, Laws of Florida, as it refers to state agencies, counties, and municipalities without specific legislative authority. The specification of "state agencies, counties and municipalities" could refer only to Florida agencies, counties, and municipalities which are the only agencies, counties, and municipalities the Florida Legislature can lawfully regulate. The same can be said for the purview of Ch. 71-109. If the Legislature had meant to say agencies and institutions of other states, or to all state agencies, including those of other states, it would have been a simple matter to have so stated; otherwise, the statute may only speak to Florida and its agencies and institutions and its political subdivisions and municipalities. It is apparent that Ch. 63-176, Laws of Florida, directed that all surplus items be furnished only to those institutions under the Board of Commissioners of State Institutions (presently Department of Health and Rehabilitative Services), the tuberculosis hospitals, and the alcoholic rehabilitation center. Certain enumerated items or services could be furnished to all state agencies, boards, bureaus, or commissions, and two designated items were authorized to be made available to political subdivisions. It is obvious the Legislature was referring to Florida agencies, boards, or commissions. It is equally apparent that no other exceptions could be made without specific authority from the Legislature. Later, in this setting, came Ch. 71-109, Laws of Florida, the title to which says ". . . all services or items . . . may be sold to state agencies, counties and municipalities without specific legislative authority." (Emphasis supplied.) Again, it can be said that the Legislature was referring to Florida agencies, counties, and municipalities. Thus, Ch. 71-109 removed the Ch. 63-176 limitation on all items to all state institutions under the Board of Commissioners of State Institutions from the law and removed the limitation from the statute of items or services which may be furnished to all state agencies and set forth items authorized to be sold. The foregoing shows the legislative setting and the subject matter on which the 1971 amendatory act operated and the objective to be obtained by the act, as well as the legislative intent and purpose. There were no "other state institutions" the act was operating on. The Florida Legislature cannot be empowered to regulate another state or the institutions of another state in regard to purchasing surplus prison-made products from Florida prisons. No such objective appears within the purpose of the 1971 amendatory act. Certainly, if any such radical departure from statutory scheme overall had been intended, it would have been noted and set forth in the title of the 1971 act. For emphasis, it is observed that s. 945.06(2), F.S., speaks to state agencies in Florida and to items needed and used in Florida state institutions. Furthermore, it is well to remember that s. 945.13, F.S., says ". . . profitable to the state. . . ." Surely, "the state" means the State of Florida and no other. Then, too, s. 945.14, F.S. [both in Ch. 63-176 and s. 945.14, F.S. 1973], proscribes the sale or the offer to sell in Florida by any person (not the purchase thereof). The prison authorities cannot sell or offer to sell these prison-made products to agencies of other states without violating the law. The proviso in s. 945.14, F.S., takes from the statute those sales within the limitations set forth in s. 945.16(1), F.S. The office or function of a proviso and its construction and what it takes from the operative force of a statute can be seen in Farrey v. Bettendorf, 96 So.2d 879 (Fla. 1957). The reference in said proviso to s. 945.16(1) did not serve to take the institutions from other states out from s. 945.14 or to authorize the sale of the prison-made goods to other states or anyone else outside of Florida. It is true that Ch. 71-109, Laws of Florida, did, in effect, as to state agencies, omit or remove the "limitations" referred to in s. 945.14, but those were limitations as to all items to some Florida agencies and institutions and limitations as to some enumerated items to all state agencies and institutions. Certain limitations, however, remain as to the political subdivisions of Florida. The foregoing were the changes made by Ch. 71-109 and not a new authorization to sell to other states and their agencies and political subdivisions. The agencies of the state referred to in Ch. 71-109 are the same as those referred to in Ch. 63-176, Laws of Florida, i.e., State of Florida agencies and institutions, and those are the only ones regulated by the Florida law. The same reasoning is applicable to the counties, municipalities, and political subdivisions; the ones referred to are those in Florida. All other sales or offers to sell in this state are prohibited by s. 945.14. If there is any reasonable doubt about the division's authority to sell to other states and their agencies and political subdivisions, then it should not be done. Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Bd. of Dent., 297 So.2d 628, cert. dismissed 300 So.2d 900 (Fla. 1974). The division does not appear to be clearly authorized to engage in interstate commerce through its prison industries. Incidentally, Ch. 61-180, Laws of Florida, contained the language in the heretofore set forth proviso ". . . sale . . . to any institutions . . . operated under the supervision of the U.S., the state, or any other state in the Union, or any political subdivision thereof." This language was omitted from and changed by Ch. 63-176, Laws of Florida, to read ". . . within the limitations set forth in F.S. 945.16(1)" and which also amended s. 945.16(1) to authorize sale to certain state institutions under the Board of Commissioners of State Institutions and certain other named state institutions, and authorized limited sales of named items to all other state agencies and certain items to political subdivisions. In any view, the authority to sell to other states or political subdivisions thereof was repealed by omission and Ch. 71-109, Laws of Florida, did not serve or operate to reenact such authority.