CROSS, Judge.
Appellant, Industrial Supply Corporation, filed an amended complaint against appel-lees, Sea World of Florida, Inc., McDevitt and Street Company, The Dublin Company, and Tru-Aire Mechanical Industries, Inc., seeking, in count I, foreclosure of a mechanic’s lien on certain real property improved with materials furnished by appellant and, in count II, the creation of an equitable lien on funds due appellant which were retained by appellees. Responsive pleadings were filed by appellees. The appellant then filed motions, which were subsequently granted by the trial court, for leave to amend its amended complaint and to add, as a party to the cause, Continental Casualty Company of Illinois.[1]
Counts I and II, respectively, of the second amended complaint were based on identical theories of relief as were counts I and II of appellant’s amended complaint. In addition, the second amended complaint sought, in count III, recovery on the bond executed by Continental; in count IV, enforcement of collection rights pursuant to Section 679.502, Florida Statutes 1973, and, in count V, damages for monies owing appellant from Appellee-Dublin.
After various depositions were taken, Appellee-Dublin moved for a summary judgment asserting the following three grounds for the motion: (1) the appellant, as a supplier of materials to a sub-subcontractor, was as a matter of law not entitled to a statutory mechanic’s lien; (2) the lien asserted by the appellant was fraudulent; and (3) the appellant’s failure to demand designations of account was a defense to the lien foreclosure under the mechanic’s lien law. A hearing was held on the matter. The trial court entered an order granting the motion for summary judgment against appellant and in favor of all appellees as to all counts of the amended complaint and counts I, II and III of the second amended complaint.[2] Upon petition by Dublin, the trial court entered an order discharging the surety on the bond. It is from these orders that appellant takes this interlocutory appeal.
We are of the opinion that the Florida mechanic’s lien law, Chapter 713, affords a materialman furnishing materials under contract to a sub-subcontractor for the improvement of real property, who has complied with all procedural requirements of the mechanic’s lien law, a lien on the property improved for any money owing to him for materials and services furnished in accordance with the contract. See Ceco Corporation v. Goldberg, 219 So.2d 475 (Fla.App.1969). The pleadings and depositions in the instant case reveal there were genuine issues of material facts as to whether the lien asserted by the appellant was fraudulent and whether the appellant failed to demand designations of account. Under such circumstances, the summary judgment and the subsequent order discharging the surety on the bond were improperly entered by the trial court, and we, therefore, reverse and remand for further proceedings consistent with the views herein expressed. Rule 1.510 Fla.RCP.
Reversed and remanded for further proceedings.
OWEN, C. J., and WALDEN, J., concur.

. Continental Casualty Company of Illinois was surety on a bond which was substituted as security for the satisfaction of the mechanic’s lien on the real property.

. This order did not delineate on what ground the motion for summary judgment was granted.