WALDEN, Judge.
Plaintiff failed to give the owner notice that he had recorded a mechanic’s lien. That was in direct violation of Ch. 713.06 (2) (a), F.S.1969, F.S.A., which requires notice be given the owner within forty-five days of cessation of furnishing materials and services.
When plaintiff later tried to foreclose his lien, the trial court dismissed his amended complaint with prejudice solely due to his noncompliance with the above requirement. We disagree and reverse.
This case is controlled by Crane Co. v. Fine, Fla.1969, 221 So.2d 145, and its interpretation of Ch. 713.06(3) (c) 4, F.S.1969, F.S.A. Crane held that the statute requiring timely notice to the owner (713.06(2)) (a) only established priorities. Ch. 713.06 (3) (c) 4, supra, operated as a savings provision. If funds remained available after all lienholders filing timely notice had been discharged, then the tardy lienholder could also receive payment.
Crane made a logical and fair interpretation of the various statutes. We are in complete agreement.
Since we feel plaintiff should be allowed to participate in any remaining funds despite its non-compliance with the notice statute, we reverse and remand for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
MAGER, J., and WHITE, JOSEPH S., Associate Judge, concur.