277 So.2d 809 (1973)
WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a Division of Westinghouse Electric Corporation, a Pennsylvania Corporation, Appellant,
v.
MIDWAY SHOPPING MALL, INC., et al., Appellees.
Nos. 72-1093, 72-1444.
District Court of Appeal of Florida, Third District.
May 8, 1973.
Rehearing Denied June 11, 1973.
Heiman & Crary and Charles L. Neustein, Miami, for appellant.
Lapidus & Hollander, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
*810 PER CURIAM.
Plaintiff-appellant seeks review of a summary final judgment entered in favor of defendant-appellees in a lien foreclosure action.
On June 23, 1969, the owner entered into a written construction contract with the general contractor, Hannan South Construction, Inc., providing for the construction of a shopping center. Hannan South on the same date posted a payment bond pursuant to Florida Statute 713.23, F.S.A. Travelers Indemnity Company was the surety. Pursuant to the contract, the owner filed a notice of commencement on December 11, 1969. On October 30, 1969 the general contractor issued written purchase orders to the electric subcontractor, Medallion Electric Company, to perform the electrical work on the job. From May 28, 1970 through September 15, 1970, Medallion purchased electrical materials from the plaintiff, Westinghouse Electric Supply Company (WESCO) for the job. On October 14, 1970 after Medallion had been paid $1,445,130.36 on their electrical subcontract calling for a total sum of $1,718,168.18, Medallion abandoned the job. On October 28, 1970 the general contractor then contracted with Cuyohaga Electric Company at a cost of $931,081.01 in order to conclude the electrical work. WESCO filed a notice to owner of furnishing materials on November 17, 1970 and on November 18, 1970 filed and served a claim of lien on the owner. From November 17, 1970 through November 29, 1970 the owner paid the general contractor $571,237 on the main contract and between November 17, 1970 and December 10, 1971, the owner paid the general contractor $586,814.81 for extras.
On January 12, 1971 the plaintiff filed a second amended complaint seeking alternatively and cumulatively the foreclosure of a mechanic's lien, imposition of an equitable lien, and a judgment for money damages. Service of process was never effected on the Medallion Electric Company. Extensive discovery proceedings ensued and thereafter the remaining defendants, Midway Shopping Mall, Inc., Hannan South Construction, Inc., and the Travelers Indemnity Company moved for summary judgment. After two separate hearings on the defendants' motion, the court on August 10, 1972 entered the summary final judgment in favor of the defendants, dismissed the action, cancelled the claim of lien of record, and in addition awarded to the defendants their costs and reasonable attorneys' fees.
Plaintiff-appellant contends there are genuine issues of material fact present in this action and therefore it was error for the lower court to have entered final summary judgment to defendants, Midway Shopping Mall, Inc., Hannan South Construction, Inc., and the Travelers Indemnity Company and to award them costs and reasonable attorneys' fees. We are in agreement with this contention.
In reviewing an order granting a summary judgment, the appellate court must view the facts in the light most favorable to the party against whom the judgment was granted. 2 Fla.Jur. Appeals § 307 (1963).
Basically, there is no question that the appellant WESCO did not furnish timely notice to the owner of its mechanic lien. F.S. § 713.06 F.S.A. Nevertheless, the failure to give timely notice by itself does not preclude recovery unless it can be demonstrated that the owner was prejudiced thereby. Thus, there is a genuine issue of material fact as to whether or not the owner has been prejudiced. See Crane v. Fine, Fla. 1969, 221 So.2d 145.
One of the appellee's contentions was that it did not have enough money to pay priority claimants, and, therefore, there was no money to pay non-priority claimants, in which category appellant falls. However, appellant countered with the fact that the owner made improper payments in that it made a payment of approximately $500,000 on the contract to the general contractor *811 prior to the filing of the notice of commencement (see F.S. § 713.06(3)(a) F.S.A.) and also after WESCO filed its notice to owner of furnishing materials on November 17, 1970, the owner continued to make payments, these payments not being made on a prorata basis. See Crane, supra. Herein, we find another genuine issue of material fact.
Lastly, appellant argued that that owner issued checks in blank to Medallion Electric Company, who appellant supplied, and these checks were issued by Medallion to satisfy an Internal Revenue claim. These checks should not have been issued in blank, but rather to pay appellant WESCO and other suppliers and workmen of Medallion.
In light of the above opinion, we find appellant's interlocutory appeal with regard to the award of attorneys' fees to be premature. Therefore, the order awarding attorneys' fees is dismissed without prejudice.
Accordingly, the judgment herein appealed is reversed and remanded for further proceedings not inconsistent herewith.