WALDEN, Chief Judge.
Defendant property owner contracted with Seagate Construction Co. to construct certain improvements. Seagate contracted with plaintiff to supply certain labor services and materials, but Seagate abandoned the job before completion, without disbursing $6,701.11 due to plaintiff. ■ Plaintiff brought suit against defendant owner. The defendant made a motion to dismiss the complaint. The trial court denied it. We reverse.
The complaint failed to allege the existence of any notice to owner by Fla. Stat. 713.06 (1973). We recognize that untimely notice may not preclude a plaintiff from obtaining either statutory lien or an equitable lien on undisbursed funds (or improperly disbursed funds); Crane Co. v. Fine, 221 So.2d 145 (Fla.1969); Westinghouse Electric Supply Co. v. Midway Shopping Mall, Inc., 277 So.2d 809 (Fla.App. 3rd, 1973); 1800 N. Federal Corp. v. Westinghouse Electric Supply Co., 224 So. 2d 384 (Fla.App. 4th 1969); and that no notice at all may not deprive a plaintiff of all hope of recovery, Crane v. Fine, supra:
“[N]o notice to the owner is necessary for a lienor to participate in the final payment, since the contractor is required to list all unpaid lienors in his final-payment affidavit, whether or not such notice has been given, § 84.061 (3) (d) 2, Fla.Stat. 1965; and, as noted above, if a progress-payment affidavit from the contractor is required by the owner, a lienor listed therein may participate even though he gave no notice, provided a balance remains after the payment of lienors who have given notice.” (Emphasis supplied.) Id. at 152.
However, for the plaintiff who alleges no notice to obtain an equitable claim against undisbursed or improperly disbursed funds there would have to be allegations as to the existence of such funds. This plaintiff has not alleged such facts, and the complaint is fatally defective in this regard.
Plaintiff urges the complaint is sufficient because it alleges that defendant failed to file a notice of commencement prior to commencing to improve the property. Plaintiff cites to Westinghouse Electric Supply Co. v. Midway Shopping Mall, Inc., supra. In the Westinghouse case the Third District held that the allegations of the impropriety of payment of certain monies to a general contractor before the filing of a notice of commencement (Fla. Stat. § 713.06(3) (a) (1973) created an issue of fact sufficient to withstand a summary judgment. The instant complaint makes no allegation of any improper payments to the contractor.
Defendant’s motion to dismiss the complaint should be granted, without prejudice to plaintiff’s right to amend its complaint.
Reversed and remanded with directions.
DOWNEY, J., and McCAULEY, JAMES A., Associate Judge, concur.