343 So.2d 58 (1977)
E.E. DEAN SNAVELY, INC., and the American Insurance Company, Appellants,
v.
WEATHERKING, INC., Appellee.
No. 76-751.
District Court of Appeal of Florida, Fourth District.
February 25, 1977.
*59 Alan B. Fields, Jr. and Tito S. Smith, Dowda, Hedstrom & Fields, Palatka, for appellants.
Jules S. Cohen, P.A., Orlando, for appellee.
SCHWARTZ, ALAN, R., Associate Judge.
The plaintiff-appellee, a materialman not in privity with the general contractor, secured a summary judgment for the full amount of his claim, against the surety on a performance bond posted by the general contractor under F.S. § 713.23, notwithstanding the plaintiff's admitted failure to give timely notice to the owner as required by F.S. § 713.06(2). We reverse.
The statutory provision in question, F.S. § 713.23 expressly states
"... Except claimants in privity with the contractor and except laborers, no claimant shall recover on a bond or from the contractor unless he shall have complied with the provisions of § 713.06(2)." [Emphasis supplied]
F.S. § 713.06(2), in turn, provides for the service of a notice to the owner
"... before commencing or not later than forty-five days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3)(d)1., of this section, or abandonment, whichever shall occur first."
There is no question but that WeatherKing did not serve the notice in question until 105 days after commencement and 75 days after its abandonment of the job.
A mere reading of F.S. § 713.06(2) precludes our acceptance of WeatherKing's contention that its faulty compliance with F.S. § 713.06(2) does not affect its right to recover on the performance bond. On the other hand, we agree that it is contrary to reason, even, as stated in Rakusin, 2 Florida Mechanics' Lien Manual 423 (1974), "absurd" to hold that the surety is in any superior position vis a vis tardy lienholders like WeatherKing than is the owner himself under the doctrine of Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969). Judge Walden accurately summarized the rule enunciated in the Crane Co. case for this court in Bell v. Boys, Inc., 325 So.2d 28, 29 (Fla. 4th DCA 1976):
"We recognize that untimely notice may not preclude a plaintiff from obtaining either statutory lien or an equitable lien on undisbursed funds (or improperly disbursed funds); Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969); Westinghouse Electric Supply Co. v. Midway Shopping Mall, Inc., 277 So.2d 809 (Fla.App. 3rd 1973); 1800 N. Federal Corp. v. Westinghouse Electric Supply Co., 224 So.2d 384 (Fla. App. 4th 1969); and that no notice at all may not deprive a plaintiff of all hope of recovery, Crane v. Fine, supra:
"[N]o notice to the owner is necessary for a lienor to participate in the final payment, since the contractor is required to list all unpaid lienors in his final-payment affidavit, whether or not such notice has been given, § 84.061(3)(d)2, Fla. Stat. 1965; and, as noted above, if a progress-payment affidavit from the contractor is required by the owner, a lienor listed therein may participate even though he gave no notice, provided a balance remains after the payment of lienors who have given notice." (Emphasis supplied.) Id. at 152."
Under this formulation, an asserted lienholder in violation of § 713.06(2) must establish, in order to recover against the owner at all, either that funds remain undistributed or have been misdistributed. *60 In order to recover his claim in full, as WeatherKing has, he must show that any such amounts are sufficient to meet other claims which have priority over, or are equal in dignity to his; otherwise, the claimant would be entitled only to a pro rata share of the fund, or, if priority "liens" exhaust it, to nothing. Crane Co. v. Fine, supra; Moretrench Corp. v. Bronson & Veal Enterprises, Inc., 262 So.2d 206 (Fla. 4th DCA 1972). As the Bell case squarely holds, a lienholder who has not given proper notice must himself demonstrate  in fact, his complaint must so allege  that these preconditions to recovery exist. The same rules apply, we hold, to an action such as this one, under a § 713.23 bond.
The record below, however, contains nothing whatsoever concerning the existence of any available fund (or unpaid amounts under the bond) or of any other potential claimants. It is plain, therefore, that the plaintiff did not, as the Bell case requires, carry the burden of proof to establish its right to recover. It is even more obvious that it did not discharge the duty imposed upon it, so as to justify the summary judgment it received below, to demonstrate affirmatively and conclusively the non -existence of any "genuine issue as to any material fact and that [it was] entitled to a judgment as a matter of law." Fla. Rule Civ.Proc. 1.510(c); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Westinghouse Electric Supply Co. v. Midway Shopping Mall Inc., 277 So.2d 809 (Fla. 3rd DCA 1973). The summary judgment is reversed and the cause remanded for a trial on these unresolved issues.
Reversed and remanded.
LETTS, J., concurs.
DAUKSCH, J., dissents, without opinion.