356 So.2d 264 (1978)
KONSLER STEEL COMPANY, Petitioner,
v.
John PARTIN, Respondent.
No. 50238.
Supreme Court of Florida.
February 20, 1978.
*265 Harlan Tuck of Giles, Hedrick & Robinson, Orlando, for petitioner.
Michael D. Jones of Jones & Bishop, Altamonte Springs, for respondent.

REVISED OPINION
HATCHETT, Justice.
This case involves the operation of Florida's Mechanic's Lien Law, Chapter 713, Florida Statutes. The question we must decide is whether a materialman who fails to furnish timely notice to owner, but who nevertheless files a claim of lien and furnishes notice within 90 days from the date he last furnished materials, is entitled to share in a final payment improperly made by the owner by virtue of the owner's failure to obtain a contractor's affidavit. The Fourth District Court of Appeals answered this question in the negative in a decision reported at 336 So.2d 684 (Fla. 4th DCA 1976). That decision directly conflicts with Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969). Jurisdiction vests pursuant to Article V, Section 3(b)(3), Florida Constitution. We reverse.
The facts are as follows: Respondent is the owner of property who contracted to have a building constructed on his property by a person not a party to this litigation and who will hereinafter be referred to as `contractor.' Petitioner, Konsler Steel Company, was a supplier of materials to the job between June 7 and June 13, 1974, but was never compensated for those materials by the contractor. Consequently, on September 5, 1974, petitioner filed a claim of lien against respondent's property in the amount of $6,415. Preliminary notice to owner was mailed the same day. The claim was filed within 90 days from the final furnishing of material as is required by Section 713.08(5). Preliminary notice, however, was not made within the statutory time frame. Section 713.06(2)(a) states:
... notice must be served before commencing or not later than 45 days from commencing to furnish his services or materials ...
Prior to receipt of notice, respondent paid all sums due under the contract except $1,164.46. Final payment was made without obtaining the statutorily required contractor's affidavit. See Section 713.06(3)(d)(1).
After receipt of notice, respondent paid to petitioner the remaining $1,164.46 and filed suit to cancel its lien. Petitioner counterclaimed for foreclosure and both parties moved for summary judgment. The trial judge ruled in favor of petitioner and ordered foreclosure. The Fourth District Court of Appeal reversed, holding that petitioner's failure to comply with Section 713.06(2)(a) prevented perfection of the lien. The Court further held that "... strict compliance with the Mechanic's Lien Statute is an indispensible prerequisite to seeking affirmative relief thereunder." Partin v. Konsler Steel Company, supra, at 685.
We reverse the opinion of the District Court and adopt the opinion of the trial judge, which in essential part states:
Neither the Plaintiff [owner] nor the Defendant [materialman] has complied with Section 713.06, F.S. The Defendant did not timely serve the preliminary notice upon the owner and the Plaintiff owner did not require from his Contractor a final payment affidavit. Consequently, both the Plaintiff and the Defendant have called upon able counsel to extricate them from their respective predicaments.
* * * * * *
In the leading case of Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969), the Florida Supreme Court held that while a notice to the owner given in compliance with the time limitations provided in Section 713.06(2)(a) placed the lienor in a priority position, such a notice given after the expiration of the 45-day period could be the basis for perfecting a valid lien provided such notice was given within the requisite 90-day period and before the owner has properly paid that portion of the sums due under the direct contract to which such lienor would be entitled. *266 1800 North Federal Corporation v. Westinghouse Electric Supply Company, 224 So.2d 384 (4th DCA 1969); Moretrench Corporation v. Bronson & Veal Enterprises, Inc., 262 So.2d 206 (4th DCA Fla. 1972); Warren v. Bill Ray Construction Co., Inc., 269 So.2d 25 (3rd DCA Fla. 1972).
In the last cited case of Warren v. Bill Ray Construction Co., Inc., supra, 269 So.2d 25 at page 27 the District Court states:
"That delay in furnishing the preliminary notice did not vitiate the lien, but could affect the amount of recovery thereon. This is so because failure to file the preliminary notice within 45 days after the commencement date would operate to deprive the lienor of the priority which timely filing thereof would have assured, but the lien would be effective for recovery by the lienor (pro rata with others similarly situated) out of funds represented by progress payments or final payment not made prior to the filing of the preliminary notice (or which were not properly paid under the lien law. Section 713.06(3) Fla. Stat., F.S.A.) See Crane Co. v. Fine, Fla. 1969, 221 So.2d 145, 153." (Emphasis supplied)
In the case of Moretrench Corporation v. Bronson & Veal Enterprises, Inc., supra, 262 So.2d 206, at page 207, the Fourth District Court of Appeal stated as follows:
"If funds remained available after all lien-holders filing timely notice had been discharged, then the tardy lien-holder could also receive payment."
In the instant case, the Plaintiff did not comply with Section 713.06(3)(d)(5), Florida Statutes, which requires that the owner shall retain the last payment due under a contract or ten per cent (10%) of the original contract price, whichever is larger, and further requires that said sum shall not be dispersed until the Contractor's affidavit required under Section 713.06(3)(d)(1), Florida Statutes, has been delivered to the owner.
Section 713.06(3)(d)(6), Florida Statutes, provides that failure of the owner to comply with Section 713.06(3)(d)(5), supra, renders his property subject to the full amount of valid liens.
However, Section 713.06(3)(d)(6)(h), Florida Statutes, specifically limits the liability of the owner's property only to the extent of retentions and improper payments.
The contract price was $25,164.46 and the last payment was to be twenty per cent (20%) of such amount or $5,032.89. Under Section 713.06(3)(d)(5), supra, the amount of $5,032.89 should have been withheld by the Plaintiff owner until he received the final payment affidavit of the Contractor. An owner can rely fully upon such an affidavit from the Contractor to the extent that it states there are no sums due any materialman or subcontractor and to the extent the Contractor has not received any notice of any lien claim. Crane Co. v. Fine, supra, 221 So.2d 145, at page 153.
In the instant case, the plaintiff owner only retained the sum of $1,164.64 and which sum the Defendant received, but the Plaintiff owner improperly paid without having required a contractor's final payment affidavit the sum of $3,868.43 (the difference between the amount that should have been retained and the actual amount retained by the Plaintiff).
Consequently, the Court finds Plaintiff is liable to the Defendant only for the sum of $3,868.43.
The Plaintiff argues rather persuasively that the Defendant did not give the preliminary notice to the Plaintiff owner before filing its claim of lien and therefore its lien is invalid. In the instant case, the notice was served by mail shortly prior to the filing of the claim of lien. However, no notice is required for the lienor to share in the final payment as set forth in Crane Co. v. Fine, supra, 221 So.2d 145, at pages 150-153.
Accordingly, the opinion of the Fourth District Court of Appeal is quashed and the *267 cause remanded for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, ENGLAND, SUNDBERG and KARL, JJ., concur.
OVERTON, C.J., and BOYD, J., dissent.

ORDER
Counsel for Respondent having filed in this cause petition for rehearing, and it having been considered, it is ordered that the petition for rehearing is visited to the revised opinion and said petition is hereby denied.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
BOYD, J., dissents.