SCHWARTZ, ALAN R., Associate Judge.
The plaintiff appeals from the dismissal with prejudice of its first amended complaint in an action for the foreclosure of an alleged materialman’s lien. The trial court dismissed the case upon a determination that the face of the pleading revealed that the plaintiff had not timely filed a notice to owner within 45 days of first delivery as required by § 713.06(2)(a), Fla.Stat. (1975). We hold that the complaint properly alleged (a) that the notice was in fact timely filed and (b) that the plaintiff was entitled to recovery notwithstanding late notice because of improper distributions by the defendant-owner. Accordingly, we reverse the judgment below.
The amended complaint, which claimed a lien of $1,674.64, alleged that the plaintiff had entered into an oral agreement on April 20, 1976, with Kris Plumbing Co., the defendant-owners’ plumbing subcontractor, to furnish plumbing materials to the job in question, and that, starting on that date, and continuing through May 26, 1976, it actually did so. On May 24, 1976, Wool furnished the defendants a proper notice to owner, which was attached to the complaint, and which was thus filed well within *218 the 45 day period after the alleged first delivery on April 20. The “problem” presented by this case arises because the plaintiff, putting all its cards on the table, also attached to its pleading a copy of a partial release of lien, filed pursuant to § 713.20(2), (3), Fla.Stat. (1975), which purported to release the property from any lien claimed by Wool for any materials furnished to the job site through March 24, 1976. This document at least strongly implied — though it did not say — that materials had in fact been supplied at least on, if not before, March 24, which was more than 45 days before the notice to owner. The amended complaint sought to “explain” the apparent discrepancy as follows:
“7. On or about April 22, 1976, Wellington Construction Company, Inc. by its executive Vice-President, John E. Abdo, [defendants] requested Kris Plumbing, Inc. to furnish as a prerequisite to payment, an affidavit as prescribed in F.S. 713.06(3)(d)l. To meet this requirement, Kris Plumbing, Inc. supplied Wellington Construction Company, Inc. with a notarized partial release of lien from Plaintiff, a copy of the release being attached hereto as Exhibit “B”.
8. The partial release, Exhibit “B” specifically released the real property described above from a lien claim by Plaintiff arising from materials furnished only through March 24, 1976, the date through which the Plaintiff had last closed its books. Material shipments after March 24,1976 and before the date of the partial release, April 22nd, 1976, had not been posted to Plaintiff’s ledger card for the Kris Plumbing/Wellington Plaza ledger card when Kris Plumbing, Inc. at the request of Wellington Construction Company, Inc. requested the partial release.”
Wool’s pleading also alleged that the defendant-owner-contractor made two “improper” payments to Kris Plumbing totaling $1,914.50 on April 23 and May 7, before Kris abandoned the job on June 12, 1976 and well before the owners filed a notice of commencement pursuant to § 713.13, Fla. Stat. (1975). The trial judge dismissed the amended complaint obviously on the ground that despite its specific allegation that the first delivery actually occurred on April 20, 1976, Wool was conclusively bound by the March 24, 1976 date recited in the partial release of lien, precluding the action because of the thus-determined-to-be untimely filing of the notice to owner. We do not agree with this view of the amended complaint.
Construing the pleading, as we must, “. . . so as to do substantial justice . . Fla.R.Civ.P. 1.110(g),[1], it does not affirmatively disclose that the plaintiff violated the 45 day rule; indeed, it states specifically and directly otherwise, and this allegation must be regarded as true in testing the sufficiency of the complaint. O’Neal v. Crumpton Builders, Inc., 143 So.2d 344 (Fla. 1st DCA 1962). Particularly in view of the explanation of the March 24 date in the complaint itself,[2] it *219 surely cannot be said that there is an irreconcilable . . inconsistency between the general allegations of material facts in the amended complaint and the specific facts revealed by the exhibit [the release of lien] . . such as that involved in Harry Pepper & Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla. 3rd DCA 1971), cert. den. 252 So.2d 797 (Fla.1971), upon which the appellees rely. Here, there is a favorable specific allegation that commencement occurred on April 20 and merely an inference which may be drawn to the contrary from the exhibit, but which is itself dispelled by other allegations. Nor is there anything like the knowingly false and misleading partial release of lien which was held in Continental Casualty Co. v. Associated Plastics, Inc., 347 So.2d 822 (Fla. 3rd DCA 1977), which the defendants also cite, to have given rise to an equitable estoppel against the materialman which filed it. In this case, there is no showing either of a knowing falsehood or of any detrimental reliance by the owners. The plaintiff, in sum, should be given the opportunity to show that the notice to owner was in fact timely furnished.
Moreover, even if it is shown that the notice was untimely, the plaintiff may nevertheless recover. This is so because of the specific allegations of the complaint that the owners made payments to Kris, which exceeded the amount of the lien claimed, prior to the filing of a notice of commencement under § 713.13, Fla.Stat. (1975). It is clear that these payments, rendered improper by § 713.06(3)(a), Fla.Stat. (1975), may be reached in a foreclosure action notwithstanding an untimely notice to owner. Tamarac Village, Inc. v. Bates & Daly Co., 348 So.2d 23 (Fla. 4th DCA 1977); Westinghouse Electric Supply Co. v. Midway Shopping Mall, Inc., 277 So.2d 809 (Fla. 3rd DCA 1973); 1800 North Federal Corp. v. Westinghouse Electric Supply Co., 224 So.2d 384 (Fla. 4th DCA 1969); Crane Co. v. Fine, 221 So.2d 145 (Fla.1969). The defendants argue that a complaint seeking to foreclose upon the fictitious fund created by improper payments must also allege that the fund has not been dissipated by other properly paid costs of completion which do not exceed the “contract price,” Alton Towers, Inc. v. Coplan Pipe & Supply Co., 262 So.2d 671 (Fla. 1972); or by payment to other lienholders superior in right to the plaintiff. Moretrench Corporation v. Bronson & Veal Enterprises, Inc., 262 So.2d 206 (Fla. 4th DCA 1972); Crane & Co. v. Fine, supra. In our view, however, these facts, if they exist, are essentially matters of avoidance which are peculiarly within the knowledge of the defendant-owner. As such, they should be raised as affirmative defenses, see 25 Fla. Jur. Pleadings, § 77, pp. 237-238, and need not be negated in the complaint.[3]
The judgment is therefore reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
CROSS and BERANEK, JJ., concur.

. The rule that pleadings are to be construed most strongly against the pleader has been an anachronism since the adoption of the “new” rules in the 1950’s. 25 Fla.Jur., Pleadings, § 39, pp. 210-211.

. The appellant’s reply brief contains this common sense explanation of what may have occurred: “It quite often happens that a project owner will know who the suppliers on his job are, but when it comes time to pay a sub-contractor, the owner will be unaware of which of the suppliers have begun deliveries. To protect himself, the owner before making a progress payment, may require partial releases from all the suppliers, even if they have not as yet furnished notice to owners. In this case, Kris Plumbing signed a contract on April 16, 1976 and requested a payment on April 23, 1976, 7 days later. The owner quite sensibly knew that materials had been used during the 7 days of construction, but had not as yet obtained a notice to owner from the person or persons supplying the materials. To protect himself, ABDO requested a partial release from Kris Plumbing’s materialman. As it turned out, the materialman was Wool Wholesale Plumbing Supply, Inc., but for internal bookkeeping procedures, was unable to clear the ABDO project up to April 23, 1976. The best that could be done was to clear the job up to March 24, 1976 and this was done and it was done properly and the statements made in the release are completely true.” It certainly does not appear as a matter of law from the face of the amended complaint, that this did not take place.

. Dicta in E.E. Dean Snavely, Inc. v. Weather-king, Inc., 343 So.2d 58, 60 (Fla. 4th DCA 1977) may indicate a contrary view. If so, we recede from the offending language, for which — for obvious reasons and with due contrition — the present writer takes full responsibility.