381 So.2d 1141 (1980)
SARASOTA COMMERCIAL REFRIGERATION AND AIR CONDITIONING, INC.; James A. Horton, D/B/a Coastal Tile Co.; Venice Fill & Shell, Inc., D/B/a Venice Grading & Lot Clearing; Nokomis Septic Tank, Inc.; Gator Paving Corp.; and Ward Curry, D/B/a ABC Heating and Cooling, Appellants,
v.
Richard W. SCHOOLEY; Patricia A. Watts; Stites Construction Co.; Brown & Whalen Glass; Stottlemyer and Shoemaker Lumber Company of Venice; and Moore Roofing, Inc., Appellees.
Ward CURRY, D/B/a ABC Heating and Cooling, Appellant,
v.
Richard W. SCHOOLEY; Patricia A. Watts; Stites Construction Co.; Venice Fill & Shell, Inc., D/B/a Venice Grading & Lot Clearing; Brown & Whalen Glass; James A. Horton, D/B/a Coastal Tile Co.; Nokomis Septic Tank, Inc.; Stottlemyer and Shoemaker Lumber Company of Venice; and Moore Roofing, Inc., Appellees.
Nos. 79-1401, 79-1432.
District Court of Appeal of Florida, Second District.
February 15, 1980.
Rehearing Denied March 20, 1980.
*1142 I.W. Whitesell, Jr. of Wood, Whitesell & Karp, Sarasota, for appellant Sarasota Commercial Refrigeration and Air Conditioning, Inc.
Steven J. Chase of Drymon, Robinson & Clark, Sarasota, for James A. Horton, d/b/a Coastal Tile Co., Inc.
Steven L. Sommerfield, Venice, for Venice Fill and Shell, Inc., d/b/a Venice Grading & Lot Clearing.
Bruce D. Chapman of Berg & Chapman, Venice, for Nokomis Septic Tank, Inc.
Stephen E. Tanner of the Law Offices of W. Eugene Williams, Jr., Venice, for Gator Paving Corp.
W. Russell Snyder, Venice, for Ward Curry, d/b/a ABC Heating and Cooling.
Charles J. Cheves of Cheves & Rapkin, Venice, for appellees Richard W. Schooley and Patricia A. Watts.
BOARDMAN, Acting Chief Judge.
Plaintiffs Sarasota Commercial Refrigeration & Air Conditioning, Inc. (Sarasota) et al. appeal a final summary judgment in favor of appellees/defendants Schooley and Watts. The order of summary judgment was predicated on the requirement of Section 713.06(2)(a), Florida Statutes (1977) that mechanics' lienors serve a notice to owners of real property in order to be entitled to a mechanics' lien on the property. We hold that Section 713.06(2)(a), Florida Statutes (1977), as amended effective July 1, 1978, is not applicable to appellants, and we reverse.
Schooley and Watts are owners of real property located in Nokomis, in Sarasota County. On or about January 26, 1978, Schooley and Watts contracted with Stites Construction (Stites) to construct a Kentucky Fried Chicken store on their property. In connection with this contract, as prime contractor, Stites entered into contracts with numerous subcontractors, six of which are appellants in the present case.
Each of appellants furnished labor or materials in accordance with its subcontract, and all of this work was completed on or before June 26, 1978. On June 29, 1978, Watts filed an affidavit stating that Stites had abandoned its contract. The affidavit also served as notice of the owners' intention to recommence construction of the Kentucky Fried Chicken building. In this affidavit, as required by Section 713.07(4), Florida Statutes, lienors who had not been paid in full were listed. All of appellants were listed.
None of appellants filed a timely notice to owner, and Sarasota and Ward Curry never filed one. However, each appellant did file in the trial court and serve upon the owners a timely claim of lien.
Sarasota brought a mechanics' lien foreclosure action against Schooley and Watts and against eight other claimants who had filed claims under the Mechanics' Lien Law. Sarasota brought this action within one year of filing its claim of lien for furnishing materials and labor to improve the real property. After the original complaint was *1143 filed, numerous cross-claims and counterclaims were filed by the remaining appellants.
The trial court ruled that appellants take nothing by their actions against Schooley and Watts. The court ruled pursuant to Section 713.06(2)(a), Florida Statutes (1977), effective July 1, 1978, that appellants had not timely served their notices to owner on Schooley and Watts and that the failure to serve timely notices to the owners was a complete defense to this action. In addition, three of appellants, Sarasota, Nokomis Septic Tank, Inc. (Nokomis), and Venice Fill & Shell, Inc. (Venice), requested leave to amend their pleadings in order to seek relief on an equitable lien theory. The trial court denied leave to amend. These appeals followed timely.
The issue presented is whether Section 713.06(2)(a), Florida Statutes (1977) is applicable here or whether the applicable statute is Section 713.06(2)(a), Florida Statutes (1975). The 1975 statute provided:
(2)(a) All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor's name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. This notice must be served before commencing or not later than 45 days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3)(d)1., of this section, or abandonment, whichever shall occur first. The serving of this notice shall not dispense with recording the claim of lien. This notice shall not be deemed to constitute a lien, cloud or encumbrance on said real property nor actual nor constructive notice of any of the same.
This statute was amended in 1977  the amendment to become effective July 1, 1978  to read as follows (underlined portions indicate new matter):
(2)(a) All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor's name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. A subsubcontractor or a materialman to a subcontractor shall serve a copy of the notice on the contractor as a prerequisite to perfecting a lien under this chapter and recording a claim of lien. A materialman to a subcontractor shall also serve a copy of the notice to owner on the subcontractor or the subcontractor as a prerequisite to perfecting a lien under this chapter and recording a claim of lien. The notice must be served before commencing, or not later than 45 days from commencing, to furnish his services or materials, but, in any event, before the date of furnishing the affidavit under subparagraph (3)(d)1. or abandonment, whichever shall occur first. The notice must be served regardless of the method of payments by the owner, whether proper or improper, and in the same category, and the failure to serve the notice shall be a complete defense to payment by any person, except a person with whom the lienor failing to serve the notice has a contract. The serving of the notice shall not dispense with recording the claim of lien. The notice shall not be a lien, cloud, or encumbrance on the real property nor actual nor constructive notice of any of them.
The crucial addition is the new provision that "the failure to serve the notice shall be a complete defense to payment by any person, except a person with whom the lienor failing to serve the notice has a contract."
While the prior statute did require subcontractors and materialmen not in privity with the owner to serve a notice to the owner of real property within a certain time period, the failure to serve such a notice was held by the courts not to bar recovery by the materialman or subcontractor. Rather, the courts held that untimely *1144 service of notice to owner or the absence of such service merely resulted in a loss of priority status by that materialman or subcontractor. Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969); Tuttle/White Constructors, Inc. v. Hughes Supply, Inc., 371 So.2d 559 (Fla. 4th DCA 1979); Bishop v. James A. Knowles, Inc., 292 So.2d 415 (Fla. 2d DCA 1974). Under the new statute, however, failure to file a timely notice to owner does bar all recovery.
A law is presumed to act prospectively in the absence of clear legislative expression to the contrary. Walker & La-Berge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977). Furthermore, citizens cannot reasonably be charged with notice of the consequences of legislation before its effective date, for a statute speaks only from the time it goes into effect. Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978); Sammis v. Bennett, 32 Fla. 458, 14 So. 90 (1893). Thus, because the labor and materials in issue were furnished prior to July 1, 1978, the effective date of the amended statute, and the 45-day period within which the notice to owner had to be given had also expired prior to this date, the amended statute is not applicable here.
We therefore conclude that appellants may have a cause of action against appellees under either the Mechanics' Lien Law or an equitable lien theory, Crane Co. v. Fine, supra, and summary judgment was improper.
Since this case is remanded for further proceedings, we think it necessary to address the issue of the trial court's denial of the motions for leave to amend their complaints to add a count for recovery on the basis of an equitable lien made by appellants Sarasota, Nokomis, and Venice.
Leave to amend a complaint is to be liberally granted, Fla.R.Civ.P. 1.190, especially where, as here, the motion is made at or before hearing on a motion for summary judgment, Haag v. Phillips, 333 So.2d 507 (Fla.2d DCA 1976), and when the amendment is based on the same conduct, transaction, and occurrence upon which the original claim was brought. Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137 (Fla.3d DCA 1977). Thus we feel it right and just that Sarasota, Nokomis, and Venice should on remand be given leave to amend their complaints to add a count based on an equitable lien theory, if, indeed, they can. However, it should be noted that none of appellants can recover against the owner unless funds remain undisbursed or have been improperly disbursed, and they must both plead and prove the existence of such funds. E.E. Dean Snavely, Inc. v. Weatherking, Inc., 343 So.2d 58 (Fla. 4th DCA 1977); Bell v. Boys, Inc., 325 So.2d 28 (Fla. 4th DCA 1976); see also Crane Co. v. Fine, supra.
Accordingly, the final summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
OTT, J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.