BOARDMAN, Judge.
Ringling Bros.-Barnum & Bailey Combined Shows, Inc., defendant owner below, appeals an amended final judgment against it awarding plaintiff lienor/appellee Duane Hart d/b/a Plumbing by Hart, and defendant lienors/appellees Anderson Electric, Inc., Scotty’s, Inc., Crown Drywall, Inc., and Joseph A. Urban the full amounts owing to them. We affirm.
The trial court correctly awarded Hart, Scotty’s, and Crown the full amount of their claims rather than only a proportionate amount of the undisbursed funds, notwithstanding the untimely filing of their notices to owner required by Section 713.07, Florida Statutes (1977). The purpose of the notice to owner is to establish priority, not entitlement, for lienors who satisfy the section.[1] Crane Co. v. Fine, 221 So.2d 145 (Fla.1969); contra, Morgan v. Goodwin, 355 So.2d 217 (Fla. 1st DCA 1978). Consequently, “lienors may give notice to the owner after the expiration of the 45-day period and participate in full, or pro rata, to the extent of such sums as remain due from the owner to the contractor after the payment in full of the ‘priority’ lienors.” Crane Co., 221 So.2d at 152. If priority liens exhaust those funds, the claimant is entitled to nothing. E.E. Dean Snavely, Inc. v. Weatherking, Inc., 343 So.2d 58 (Fla. 4th DCA 1977).
In the instant case appellant failed to file a notice of commencement as required by Section 713.13, which rendered all payments made under the contract improperly paid. § 713.06(3)(a); Wool Wholesale Plumbing Supply, Inc. v. Abdo, 365 So.2d 216 (Fla. 4th DCA 1978). Appellant was therefore subject to liability for lien claims up to the total amount of the contract, an amount which the award to appellees does not exceed. We recognize that our decision requires appellant to pay twice for the same work. While this result may seem harsh, that is the law of this state, and we are bound to follow it.
The awards to Anderson and Urban were also proper. Although Anderson’s lien was not in the form prescribed in Section 713.08(3), there is no showing that Anderson’s error adversely affected appellant. The trial court therefore acted within its discretion in enforcing Anderson’s lien. § 713.08(4)(a), Fla.Stat. (1977). Similarly, Urban’s tardiness in filing his claim of lien was not shown to have prejudiced appellant; thus, the trial court was correct in not finding his claim voidable. § 713.08(4)(c).
Finally, we agree with the trial court’s ruling that nothing in the separate contract between Urban and appellant constituted a waiver of Urban’s mechanic’s lien rights.
Accordingly, the amended final judgment is AFFIRMED.
SCHEB, C. J., and OTT, J., concur.

. This will no longer be so for lienors whose service and materials are furnished subsequent to July 1, 1978, the effective date of the following amendment to Section 713.06(2)(a): “[T]he failure to serve the notice [of intent to claim a lien] shall be a complete defense to payment by any person, except a person with whom the lienor failing to serve the notice has a contract.” § 713.06(2)(a), Fla.Stat. (1979). See Sarasota Commercial Refrigeration & Air Conditioning, Inc. v. Schooley, 381 So.2d 1141 (Fla. 2d DCA 1980).