185 So.2d 697 (1966)
James M. CONWAY, Jr., d/b/a Conway Construction Company, Appellant,
v.
SEARS, ROEBUCK AND COMPANY, Appellee.
No. 34493.
Supreme Court of Florida.
April 27, 1966.
M.W. Wells, Jr., of Maguire, Voorhis & Wells, Orlando, for appellant.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellee.
O'CONNELL, Justice.
By direct appeal to this court James M. Conway, Jr. seeks reversal of a final summary decree which denied Conway enforcement of a mechanics lien on property of the appellee. We have jurisdiction of this appeal because the trial court in its memorandum opinion granting the appellee's motion for summary judgment directly held Section 84.021, F.S. 1961, F.S.A. to be invalid.
The essential facts are few. Sears, Roebuck and Company, as owner, engaged McDonough *698 Construction Co., as contractor, to perform construction work. McDonough subcontracted a portion of the work to United Steel Erectors, Inc. United Steel in turn sub-subcontracted a portion of its work to Plowden & Roberts, Inc., which in turn sub-sub-subcontracted a portion of its work to the appellant, Conway. Conway brought suit seeking to enforce a lien on the property of the owner-appellee for monies alleged to be due under his sub-sub-subcontract with Plowden & Roberts. After entering a memorandum opinion holding Section 84.021, F.S. 1961, F.S.A., invalid, the court entered a final decree in favor of the appellee.
Before us the appellee urges, first, that the statute in question, Section 84.021, F.S. 1961, F.S.A., is unconstitutional because enacted in violation of Section 16, Article III, Florida Constitution, F.S.A. and, second, that even if that statute were valid the appellant would not be entitled to a lien under Chapter 84. This is true, says appellee, because the mechanics lien law, either with or without Section 84.021, F.S. 1961, F.S.A., does not afford any protection or right of lien to a sub-sub-sub-contractor, the status the appellant occupies in this case. We agree with appellee in his second contention.
The rights involved in this litigation accrued in March 1963 and are therefore governed by Chapter 84, as it is found in "Official Florida Statutes, 1961." Inasmuch as said chapter has been amended in material respects, this opinion will have significance only in other litigation involving rights which also accrued under Chapter 84, F.S. 1961, F.S.A.
Section 84.02, F.S. 1961, F.S.A., provided that a sub-contractor, as defined in the statute, is entitled to a lien. Section 84.01 F.S. 1961, F.S.A., defined a "sub-contractor" as a
"* * * person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract, or who enters into a contract with a sub-contractor as above defined, for the performance of any part of such sub-contractor's contract."
Section 84.021, which was enacted as Chapter 61-326, reads as follows:
"It is the legislative intent that materialmen furnishing materials to a sub-contractor as defined in § 84.01 and a sub-contractor as defined performing any part of a sub-contractor's contract shall, subject to compliance with the provisions of this chapter, have a lien and be entitled to the benefits of this chapter."
Careful reading of Sections 84.01 and 84.02 leads to the conclusion that the right to a lien is not granted to one who is more remote in privity with the owner than a sub-sub-contractor, i.e., one who has contracted to do a part of the work of one who has contracted to do a part of the work of a prime contractor. Moreover, Section 84.021 does not in any way enlarge the provisions of Section 84.01 or 84.02. Given its broadest effect as a grant of a right to a lien, it would do so only to those not more remote than one who contracts to perform a part of the work of one who has contracted to do a part of the work of a prime contractor. Such a person would have to be no more remote in terms of privity with the owner than a sub-sub-contractor. This is the same extent of coverage afforded by Sections 84.01 and 84.02. Thus, the conclusion must be that Section 84.021 did not purport to alter or enlarge the grant of right to lien afforded by chapter 84, but only to restate or reaffirm the legislative intent as to the outer limits of its applicability.
In the instant case, the appellant, James M. Conway, Jr., occupies the status of a sub-sub-sub-contractor and is therefore too remote in point of privity with the owner to be entitled to a lien. This fact would not be altered whether Section 84.021 be held valid or invalid.
*699 Therefore, while we think the final summary decree was correctly entered against the appellant, the grounds therefore as stated in the trial court's memorandum opinion are incorrect. It was unnecessary for the trial court to pass upon the validity of Section 84.021 since it was not determinative of the merits of the cause. For this reason the trial court's holding the statute to be invalid must be said to be obiter dictum and is hereby held for naught. P.C. Lissenden Co. v. Board of County Commissioners, Fla. 1960, 116 So.2d 632. For the same reason we do not undertake to determine the validity of the statute.
The appellant does not urge that there are merits or equities not decided by the trial court which require that the cause be remanded for further proceedings in the trial court. In view of this, the decision we have reached regarding the applicability of the statute to one in the appellant's position dictates an affirmance of the final decree entered in favor of the owner-appellee. Therefore, the decree appealed from is
Affirmed.
THORNAL, C.J., CALDWELL, J., and WARREN, Circuit Judge, concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
The former paragraph of Section 84.01, F.S. 1961, F.S.A., defining "sub-contractor," which is applicable in this case need not be given the construction announced in the majority opinion. The paragraph reads as follows:
"`Sub-contractor' means a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract, or who enters into a contract with a sub-contractor as above defined, for the performance of any part of such sub-contractor's contract."
Literally construed, such construction may be reached but realistically considered in the light of the overall objectives of the mechanics' lien law it appears to me a sub-contractor is any person who lawfully sub-contracts to perform a part of the contractor's contract, either with the contractor or with any other sub-contractor. The real essence of the definition is that the contractee is to perform a part of the prime contract. When any person other than the contractor lawfully enters into a sub-contract to perform any part of the work he is a sub-contractor. The words "as above defined" in the quoted paragraph which are strongly relied upon for the restrictive application of the majority, has reference to the nature of the work to be performed by sub-contractors (i.e., a part but not the whole of the contract) rather than to restrict the definition only to sub-contractors sub-contracting with the contractor or his immediate sub-contractor. Read in connection with other provisions of the 1961 mechanics' lien law, particularly §§ 84.02 and 84.021, we find the definition was not intended to relate to descending classes of sub-contractors and restrict liens only to so-called "sub-sub" contractors. The 1961 statute considered as a whole related to all sub-contractors without distinction as to the order in time or with whom their sub-contracts were entered. The definition of the term "sub-sub-contractor" in the 1963 amendment, Section 1, Ch. 63-135, was not to extend lien coverage to new classes of sub-contractors but was designed for clarification purposes only, to eliminate ambiguity. The statute from its beginning, though ambiguous and subject to construction, had no purposes or policy to discriminate among all bona fide sub-contractors in respect to statutory liens. The statute was not intended to deny mechanics' liens on the basis of the order or sequence when or with whom the sub-contract is made. To so hold results in discrimination among sub-contractors without reasonable basis.
*700 The contention that the contractor or the owner needed to be protected from having to contend with remote and perhaps unknown sub-contractors is without merit. Other provisions of the mechanics' lien law, if complied with, protect them against such contingencies similarly and without any more inconvenience than in the case of the sub-contractor who contracts with the contractor's sub-contractor. Incidentally, we note from the record this case does not involve a situation where the sub-contractor contracting with Appellant had defaulted.