SMITH, SHERMAN N., Jr., Associate Judge.
In City of Fort Lauderdale v. Hardrives Company, Fla.App. 1964, 167 So.2d 339, we held that a materialman of a sub-subcontractor is not within the coverage of a public works bond furnished by a contractor under Section 255.05, Fla.Stats. F.S.A.[1] In the course of our opinion we inadvertently indicated that a sub-subcontractor also is not within the coverage of the act.[2] In reliance upon our opinion the court below dismissed the appellant’s action on such a bond solely because it was a sub-subcontractor. Since we now conclude that sub-subcontractors who comply with the act are entitled to recover on such a bond,[3] we expressly recede from so much of our prior opinion as expresses a contrary conclusion. We leave unchanged our prior decision as to materi-almen of sub-subcontractors.
Reversed.
SHANNON, Acting C. J., and DYKES, ROGER F., Associate Judge, concur.

. Accord: Board of Public Instruction v. Rood Construction Co., Fla.App.1964, 166 So.2d 701.

. Statements which equate sub-subcontractors with materialmen of sub-subcontractors appear in the fourth, fifth and final paragraphs of our opinion.

. Referring to the federal Miller Act, upon which our act is based, the Supreme Court of the United States made the following statements in the leading case on the subject:
“The proviso of Section 2(a), which had no counterpart in the Heard Act, makes clear that the right to bring suit on a payment bond is limited to (1) those materialmen, laborers and subcontractors who deal directly with the prime contractor and (2) those ma-terialmen, laborers and sub-subcontractors who, lacking express or implied contractual relationship with the prime contractor, have direct contractual relationship with a subcontractor and who give the statutory notice of their claims to the prime contractor. To allow those in more remote relationships to recover on the bond would be contrary to the dear language of the proviso and to the expressed will of the framers of the Aet.5 Moreover, it would lead to the absurd result of requiring notice from persons in direct contractual relationship with a subcontractor but not from more remote daimants.” MacEvoy v. United States, 1944, 322 U.S. 102, 107, 64 S.Ct. 890, 894, 88 L.Ed. 1163, 1166.
Footnote 5 of the Supreme Court’s opinion is as follows:
“ ‘A sub-subcontractor may avail himself of the protection of the bond by giving written notice to the contractor, but that is as far as the bill goes. It is’ not felt that more remote relationships ought to come within the purview of the bond.’ H.Rep. No. 1263 (74th Cong.lst Sess.) p. 3.”
See also Elmer v. United States Fidelity & Guaranty Company, 5 Cir. 1960, 275 F.2d 89, 90: “Since the appellant was not a sub-contractor within the meaning of the Miller Act and did not have a direct contractual relationship with a subcontractor, he cannot recover.”