333 So.2d 48 (1976)
HEY KILEY MAN, INC., Appellant,
v.
AZALEA GARDENS APARTMENTS et al., Appellees.
No. 75-442.
District Court of Appeal of Florida, Second District.
June 9, 1976.
Lex Taylor of Taylor & Laurent, Lakeland, for appellant.
Stephen C. Watson of Hahn, Breathitt & Roberts, Lakeland, for appellees.
Richard B. Oole, of Griffin, Gillis, Stead & Farfante, Tampa, for appellee Blue Seal Excavating & Paving Company, Inc.
*49 James S. Moody, Jr., of Trinkle, Redman, Clawson, Alley & Swanson, Plant City, for amicus curiae.
McNULTY, Chief Judge.
We construe this day Florida's Mechanics' Lien Law as it relates to the protection afforded a subcontractor several times removed from privity with an owner by intervening subcontractors. Final summary judgment was entered herein against the plaintiff-appellant, technically a sub-sub-subcontractor in its action to foreclose a mechanics' lien filed pursuant to § 713.01, et seq., F.S. 1973. The trial court determined that, as a matter of law, appellant was beyond the protection of the Mechanics' Lien Law. We reverse.
Appellant, Hey Kiley Man, Inc., is a small service corporation supplying labor on a contract basis. Between March 21 and April 8, 1974, under a contract with T.R. Contractors, Inc., appellant furnished labor in the site preparation for construction of the Azalea Gardens Apartments. T.R. Contractors, Inc. was a sub-subcontractor on the project under Blue Seal Excavating and Paving Company, Inc. which, in turn, was still another subcontractor under the general contractor, Phillips-Whitten Construction Company, Inc.
Having received no payment for the labor furnished to T.R. Contractors, Inc., the appellant filed a proper notice to owner pursuant to § 713.06(2), F.S. 1973, and timely recorded a claim of lien in the amount of $880.40 pursuant to § 713.08, F.S. 1973. The claim of lien was subsequently transferred to the security of a bond by defendants Blue Seal Excavating and Paving Company, Inc., as principal, and Auto Owners Insurance Company, as surety, and this action ensued.
Both sides moved for summary judgment; and after a hearing and consideration of memoranda of law submitted by the parties, the lower court determined that the case is controlled by the 1966 supreme court case of Conway v. Sears, Roebuck and Company[1] and by this court's subsequent dicision in J.P. Driver Company v. Claxton.[2] We think not.
Rather we agree with appellant that the Conway and Driver cases are no longer applicable. Conway construed the precursor of the present Mechanics' Lien Law as it existed in 1961 and this court in Driver merely applied the rationale of Conway to the 1963 revision of the statute without a thorough analysis of the purposes to be served by the act or the significance of the revision.
Prior to 1961, the Mechanics' Lien Law[3] was construed by our supreme court to exclude sub-subcontractors from its coverage.[4] In 1961, however, the legislature extended the benefits of the law to sub-subcontractors by enacting § 84.021, F.S. 1961, which read:
"It is the legislative intent that materialmen furnishing materials to a subcontractor as defined in § 84.01 and a subcontractor as defined performing any part of a sub-contractor's contract shall, subject to compliance with the provisions of this chapter, have a lien and be entitled to the benefits of this chapter."
and the Conway case, supra, construing this section, held that a sub-sub-subcontractor was too remote in point of privity with the owner to be entitled to a lien under that new provision.
In 1963 the Mechanics' Lien Law was again revised; but as our sister court in the Third District observed in Ceco v. Goldberg,[5] the underlying reason for the *50 latter revision was not so much to alter the scope of persons entitled to mechanics' liens, but rather to remedy procedural defects which resulted in the recording of remote "hidden liens" against owners of realty by persons not in privity. So the 1963 revision placed potential lienors into two categories, those in privity with the owner[6] and those not in privity.[7] With respect to those not in privity with the owner, a lienor has ever since been required to give notice to an owner that he has furnished or is about to furnish services or materials to enhance the owner's property as a condition precedent to perfecting his lien.[8] Prior to that revision, however, such notice to the owner was merely permissive.[9] It's obvious, then, that it is no longer a concern to protect owners from remote "hidden liens"; they're now protected.
Additionally, and significantly we think, the aforesaid 1963 revision also omitted the language of the aforequoted § 84.021, supra, which, according to Conway, supra, specifically limited protection to sub-subcontractors; but, for the first time and without express limitation, it added protection for "[p]ersons" not in privity with the owner who perform labor, services or furnish materials provided they give the notice now required.[10] The transition, for the purposes perceived by the Third District in Ceco, supra, was now complete.
Notwithstanding, this court in the Driver case, supra, concluded from the fact that the legislature in 1963 eliminated the "sub-subcontractor" protection under the 1961 Act (which, as noted, was the section construed in Conway, supra) that even a sub-subcontractor is no longer entitled to a mechanics' lien under the revised statute; thus going back to the very early rule in Richard Store Company v. Florida Bridges and Iron, supra. But as we said, the Third District subsequently declined to follow Driver in Ceco, supra, and instead reasoned that the statute should be construed broadly in order best to protect the interests of both the owners and those for whose benefit the Mechanics' Lien Law was enacted in the first place, that is, those who would furnish labor, services and materials to the benefit of the owners. That court examined the act as a whole, noting that an owner is now protected against "hidden liens" of persons not in privity with him and concluded that the only logical definition of the term "subcontractor" as it appears in the present § 713.06(1) and its predecessors back to 1963 must include sub-subcontractors as well.[11] By a parity of reasoning we see no reason why it should not also extend even to the facts here and include a sub-sub-subcontractor.
Accordingly, we recede from Driver, supra, and subscribe to the views of our sister court as expressed in Ceco Corp. v. Goldberg, supra. We therefore read the term "subcontractor" within the provisions of § 713.06(1), supra, to include anyone not in privity with the owner performing a portion of a contract to enhance realty; and we see no sense in drawing an arbitrary line cutting off would-be lienors, based on degrees of remoteness from privity, assuming the protective notice requirement for perfecting a lien pursuant to § 713.06(2)(a), supra. To hold otherwise would be to suffer full protection to an owner while yet denying protection to one contributing services and materials to the *51 substantial benefit of such owner merely because he was one arbitrary step too remote.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] (Fla. 1966), 185 So.2d 697.
[2] (Fla.App.2d 1967), 193 So.2d 440.
[3] Section 84.01, et seq., F.S. 1961.
[4] See Richard Store Company v. Florida Bridges and Iron (Fla. 1955), 77 So.2d 632.
[5] (Fla.App.3d, 1969), 219 So.2d 475.
[6] Section 84.051, F.S. 1963, now § 713.05, F.S. 1975.
[7] Section 84.061, F.S. 1963, now § 713.06, F.S. 1975.
[8] Section 84.061(2)(a), F.S. 1963, now § 713.06(2)(a), F.S. 1975.
[9] See § 84.04(1)(a), F.S. 1961.
[10] Section 84.022(4), F.S. 1963, now § 713.02 (4), F.S. 1975.
[11] This conclusion was buttressed by the fact that the term "sub-subcontractor" has been continously retained within the definitions section of statutes since 1963, § 84.011(17), F.S. 1963, now § 713.01(17), F.S. 1975.