351 So.2d 396 (1977)
WILLIAM H. GULSBY, INC., Appellant,
v.
MILLER CONSTRUCTION COMPANY, INC., OF LEESBURG, et al., Appellees.
No. 77-177.
District Court of Appeal of Florida, Second District.
November 4, 1977.
Christy F. Harris, Lakeland, for appellant.
George H. Russ of Rantson E. Davis, P.A., Leesburg, for appellees.
*397 RYDER, Judge.
Appellant, William H. Gulsby, seeks a money judgment of $10,317.14 against appellees/defendants Miller Construction Company, Inc., of Leesburg and the American Insurance Company pursuant to bond provisions in Section 255.05, Florida Statutes (1975). Appellant alleged that appellee Miller was the general contractor for the construction of the Southwest Florida Water Management District headquarters at Brooksville and that appellee American Insurance Company was the surety for the construction of said project. Appellant further alleged that it had supplied labor and materials to several of appellee Miller's subcontractors and that Miller failed to disburse contract funds properly to its subcontractors or failed to insure proper disbursement to appellant Gulsby by its subcontractors.
Appellees filed a motion to dismiss, raising the issue of appellant's remoteness as a sub-sub-sub-subcontractor in connection with the construction project and asserting that the Florida courts have construed Section 255.05 to provide protection only to claimants furnishing materials or labor to the contractor or his subcontractor and have refused to extend the protection to others more remote.
After the hearing, the trial court entered an order finding appellant a sub-sub-sub-subcontractor, that appellant was too remote and ordered the appellant's complaint dismissed with prejudice citing our decisions in City of Fort Lauderdale v. Hardrives Company, 167 So.2d 339 (Fla.2d DCA 1964) and North Broward Hospital District v. Crosewell, 188 So.2d 54 (Fla.2d DCA 1966). This appeal follows from the entry of said order.
We agree and affirm.
It is apparent from the attachments to the complaint, that appellant Gulsby is, in fact, a sub-sub-sub-subcontractor. We are not unmindful of our own decision in Hey Kiley Man, Inc. v. Azalea Gardens Apartments, 333 So.2d 48 (Fla.2d DCA 1976), but distinguish that case in this proceeding. Hey Kiley Man, Inc. was an action to foreclose a mechanics' lien filed pursuant to the mechanics' lien statute, Section 713.01-.36, Florida Statutes, 1975. In that case, this court discussed, at length, the various amendments made by the Florida state legislature in the mechanics' lien law and concluded that certain changes within the mechanics' lien law included anyone not in privity with the owner performing a portion of a contract to enhance realty and extended coverage to sub-sub-sub-subcontractors.
The Florida Supreme Court wrote in Fulghum v. State, 92 Fla. 622, 109 So. 644 (1926) that the passage of Section 255.05 by the Florida legislature was for the broad general purpose of affording to those supplying labor and materials on public works projects a means of protection in lieu of the lien afforded to them on private work as provided by the statutes. Thus, there may very well now exist a lack of parity in coverage and protection in the law between the mechanics' lien law encompassed in Chapter 713, relating to private work projects, and Section 255.05, Florida Statutes, relating to the bonds of contractors constructing public buildings. This might become a concern of future legislation but the same legislature which amended Chapter 713 has not amended Section 255.05. Thus we reaffirm our decisions in City of Fort Lauderdale, supra, and North Broward Hospital District, supra, and say it is for the legislature rather than the courts to extend the bond coverage required beyond the limits stated in Section 255.05, Florida Statutes.
Affirmed.
GRIMES, Acting C.J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.