BARKDULL, Judge.
The trial court permitted a corporation to recover as a “laborer” pursuant to the exception in Section 713.06(2)(a), Florida Statutes (1987). It also permitted recovery of the same amount pursuant to an equitable lien, and also under an implied contract theory.[1] We reverse.
The corporation was a subcontractor to a general contractor, to supply structural work on a house up to the tie beam, and was to be paid for its services by draw, on a thirty day basis, for work as satisfactorily completed. According to Section 713.01(9), Florida Statutes (1989) a “laborer” has been defined as:
“(9) ‘Laborer’ means any person other than an architect, landscape architect, engineer, land surveyor, and the like who, under properly authorized contract, personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or labor service of others.”
Recent decisions of the courts have indicated that the Mechanic’s Lien Law, which is in derogation of the common law, is to be strictly construed. Home Electric of Dade County, Inc. v. Gonas, 547 So.2d 109 (Fla.1989); Hardrives Company v. Tri-County Concrete Products, Inc., 489 So.2d 1211 (Fla. 4th DCA 1986); Sprinkler Filters v. F.I.T.R. Corporation, 461 So.2d 144 (Fla. 3d DCA 1984); Partin v. Konsler Steel Company, 336 So.2d 684 (Fla. 4th DCA 1976). Reversed on other grounds 356 So.2d 264 (Fla.1978). All payments by the appellant, owners, were properly made to the general contractor. The subcontractor did not timely file a notice of intention with the owners and not being a laborer, it was not entitled to the benefits of the exception in Section 713.06(2)(a), Florida Statutes (1987). Any cause of action that it has, is against the general contractor against whom it was awarded a judgment. We also find no basis in the record for the entry of an equitable lien or a finding of implied contract. Peninsular Supply Company v. C.B. Day Realty of Florida, Inc., 423 So.2d 500 (Fla. 3d DCA 1982); Morgan v. Goodwin, 355 So.2d 217 (Fla. 1st DCA 1978). The homeowners fully complied with the Mechanics Lien Law, made proper payments to the general contractor, and received upon the final payment, a No Lien Affidavit, or Release of Lien, pursuant to Section 713.06, Florida Statutes (1987), and are entitled to the protections of the statute.
Therefore, for the reasons above stated, this cause is reversed with directions to enter a judgment in favor of the appellant homeowners.

. These recoveries are mutually exclusive. First Data Resources, Inc. v. Safecard Services, Inc., 574 So.2d 311 (Fla. 3d DCA 1991).