COBB, J.
The issue on this appeal is whether Skilled Services Corporation, on behalf of its employees, can file and foreclose a me *527 chanic’s lien under Chapter 713, Florida Statutes strictly as a “laborer.”[1]
In 1998, VL Orlando Building Corporation hired Devito Contracting & Supply, Inc. as general contractor for renovations to VL Orlando’s property known as the Ramada Plaza Resort in Orlando. Devito obtained laborers from Skilled Services Corporation. Essentially, Skilled Services contracts with the employee and then assigns qualified employees to third parties, in this case, Devito. Skilled Services assigned dry wall and framing laborers to Devito from October 2nd through December 18, 1998. All of the labor that Skilled Services provided was accepted by Devito and no complaint was received about the quality of work until later.
After Devito stopped working at the property, VL Orlando hired Palm Construction, Inc. to repair a substantial portion of the drywall work because it was defective and substandard. Devito refused to pay Skilled Services the remaining money it owed for the laborers. Skilled Services filed an action against Devito and VL Orlando. In Count I, Skilled Services sought to foreclose the claim of lien and Count II was for damages resulting from Devito’s breach of contract. Prior to trial, VL Orlando filed an amended cross-motion for summary judgment arguing that Skilled Services was not entitled to record or foreclose a lien against the property since Skilled Services was not within the definition of persons entitled to a lien pursuant to Chapter 713. VL’s motion for summary judgment was denied. The trial court did grant Skilled Services second motion for summary judgment as to Count II but denied summary judgment as to Count I.
An amended final judgment was filed by the lower court. The court held that De-vito was responsible for a total of $53,-963.19. Additionally, the court found that Skilled Services held a lien for $83,286.69 against VL Orlando on the Ramada Plaza Resort. A date for a foreclosure sale was set. As a result, VL Orlando appealed.
VL Orlando contends that pursuant to sections 713.06 and 713.01, Skilled Services, as a labor pool, does not meet the statutory definition of laborer. Section 713.06, Florida Statutes (1997), reads in pertinent part:
(1) A materialman or laborer, either of whom is not in privity with the owner, or a subcontractor or sub-subcontractor who complies with the provisions of this part and is subject to the limitations thereof, has a lien on the real property improved for any money that is owed to him or her for labor, services, or materials furnished in accordance with his or her contract and with the direct contract and for any unpaid finance charges due under the lienor’s contract.... No person may have a lien under this section except those lienors specified in it, as their designations are defined in section 713.01.
[[Image here]]
(2)(a) All lienors under this section except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, must serve a notice on the owner setting forth the lienor’s name and address.... A sub-subcontractor or a materialman to a subcontractor must serve a copy of the notice on the contractor as a prerequisite to perfecting the lien under this Chapter and recording the claim of lien....
Sections 713.01(14) and (22), read in pertinent part:
(14) “Laborer” means any person other than an architect, landscape architect, engineer, surveyor and mapper, and the like who, under properly authorized contract, personally performs on the site of the improvement labor or services for *528 improving real property and does not furnish materials or labor service of others.
(22) “Perform” or “furnish” when used in connection with the words “labor” ... means performance or furnishing by the lienor or by another for him or her.
Section 713.02(4), reads:
(4) Persons who are not in privity with an owner and who perform labor ... constituting a part of an improvement under the direct contract of another person shall have rights to a lien on real property as provided in section 713.06.
Skilled Services argues that whether it can file and foreclose a lien turns on whether it falls within the term “others” as utilized by subsection 713.01(14). Under subsection (14), however, a laborer must “personally” perform labor on the site of the improvement and must not furnish labor service of “others.” There is no question that Skilled Services provided the labor services of individuals with whom it contracted. The agreement with Devito spelled out that Skilled Services, not De-vito, is the employer. Florida law clearly distinguishes between those who personally perform work and those who merely furnish persons to do the work. See Fleitas v. Julson, Inc., 580 So.2d 636 (Fla. 3d DCA), rev. denied, 591 So.2d 182 (Fla.1991)(Julson, as a corporation, was not considered a “laborer”). See also Manpower, Inc. v. Phillips, 173 Ohio St. 45, 179 N.E.2d 922 (1962)(apparent that the term laborer refers solely to individuals actually performing work. Clearly a business entity such as a business corporation does not come within the general classes included in the definition of laborer).
Accordingly, we reverse the trial court’s amended final judgment as to the lien. VL Orlando’s motion for summary judgment should have been granted as to Count I.
REVERSED.
THOMPSON, C.J. and SAWAYA, J., concur.

. No contention is made by Skilled Services that it is claiming a lien as anything other than a laborer.