879 So.2d 1240 (2004)
ACTION LABOR OF FLORIDA, INC., Appellant
v.
LIBERTY MUTUAL INSURANCE CO., et al., Appellees.
No. 3D03-1408.
District Court of Appeal of Florida, Third District.
April 14, 2004.
Rehearing and Rehearing Denied August 11, 2004.
Frederick L. Kretschmer, Jr., and Daniel G. Tadrowski, Moss, Henderson, Blanton, Lanier, Kretschmer & Murphy, Vero Beach, for appellant.
Bruce Charles King, Maria Charles McGuinness and Allison Oasis Kahn, Miami, Carlton Fields, for appellees.
Before COPE, GODERICH and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied August 11, 2004.
SHEPHERD, J.
Action Labor of Florida appeals from a final summary judgment in favor of Liberty Mutual Insurance Company. We affirm.
In September, 1998, Philips South Beach, LLC ("Philips"), entered into a construction contract with Mursten Construction Group, Inc. ("Mursten"), as general contractor for the Shore Club Hotel. Liberty Mutual Insurance Company ("Liberty") issued a payment bond pursuant to § 713.23, Fla. Stat. (1998), on behalf of Mursten and for the benefit of Philips. In July, 1999, Mursten entered into an agreement with Action Labor of Florida, Inc. ("Action Labor"), a temporary help firm, to provide laborers for the hotel project. Pursuant to this agreement, Action Labor provided laborers as needed from July of 1999 through August of 2001.
In December, 2001, Action Labor filed suit against Mursten and Liberty, claiming $94,165.65 was due and owing under the agreement. Liberty moved for summary judgment, arguing that Action Labor was not a proper claimant pursuant to the 1998 version of Chapter 713. The trial court agreed and entered an order granting Liberty's motion for summary judgment. For the following reasons, we affirm.
§ 713.06(1), Fla. Stat. (1998), provides:
A materialman or laborer, either of whom is not in privity with the owner, or *1241 a subcontractor or sub-subcontractor who complies with the provisions of this part and is subject to the limitations thereof, has a lien on the real property improved for any money that is owed to him or her for labor, services, or materials furnished in accordance with his or her contract and with the direct contract and for any unpaid finance charges due under the lienor's contract.
"No person may have a lien under this section except those lienors specified in it, as their designations are defined in § 713.01." § 713.06(1), Fla. Stat. (1998). Therefore, in order to have a lien under the 1998 version of Chapter 713, a plaintiff must meet the definition of materialman, laborer, subcontractor, or sub-subcontractor as defined in § 713.01. Both parties agree that under these facts, the determining factor is whether a temporary help firm falls within the definition of subcontractor.
§ 713.01(26), Fla. Stat. (1998), defines subcontractor as:
a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract....
§ 443.101(10)(a)(1), Florida Statutes (1997), defines a temporary help firm as:
a firm that hires its own employees and assigns them to clients to support or supplement the client's workforce in work situations such as employee absences, temporary skill shortages, seasonal workloads, and special assignments and projects. The term also includes a firm created by an entity licensed under § 125.012(6), which hires employees assigned by a union for the purpose of supplementing or supporting the workforce of the temporary help firm's clients.
Under these definitions, the term subcontractor does not include a temporary help firm. A temporary help firm is one that assigns its own employees to support or supplement a client's workforce. Conversely, a subcontractor is contractually obligated to perform a specific part of the contractor's contract. Thus, a subcontractor might be retained by a contractor to perform specific aspects of a job, such as the structural, electrical, mechanical, or roofing work, while a temporary help firm merely provides additional laborers who are then utilized by a contractor or subcontractor to perform their work on a job. Although this result might seem counterintuitive, "the Mechanic's Lien Law, which is in derogation of the common law, is to be strictly construed." Fleitas v. Julson, Inc., 580 So.2d 636, 637 (Fla. 3d DCA 1991) (citing Home Electric of Dade County, Inc. v. Gonas, 547 So.2d 109 (Fla. 1989)); Hardrives Company v. Tri-County Concrete Products, Inc., 489 So.2d 1211 (Fla. 4th DCA 1986); Sprinkler Fitters v. F.I.T.R. Corporation, 461 So.2d 144 (Fla. 3d DCA 1984); Partin v. Konsler Steel Company, 336 So.2d 684 (Fla. 4th DCA 1976), rev'd on other grounds, Konsler Steel Company v. Partin, 356 So.2d 264 (Fla.1978). See also, § 713.37, Fla. Stat. (1998) (Construction Lien Law, Chapter 713, Part I "shall not be subject to a rule of liberal construction in favor of any person to whom it applies").[1]
In 2001, the legislature addressed this situation and amended the definition of subcontractor under § 713.01 to include "a temporary help firm as defined in *1242 § 443.101." § 713.01(27), Fla.Stat. (2001). However, this case is controlled by the 1998 version, rather than the 2001 version of Chapter 713.
Accordingly, the order granting final summary judgment in favor of Liberty Mutual Insurance Company is affirmed.
GODERICH, J., concurs.
COPE, J. (dissenting).
In 1998 the owner[2] entered into a construction contract with the general contractor[3] to build a hotel. The insurer[4] issued a payment bond.
The general contractor entered into an agreement with Action Labor of Florida, Inc., a temporary help firm, to provide laborers for the hotel project. Action Labor's laborers worked on the project from 1999 through 2001.
Action Labor brought suit against the general contractor, the insurer, and the owner alleging that it was owed $94,165.65 for the labor it had provided. The insurer's liability arises, if at all, under the Construction Lien Law. See ch. 713, part I, Fla. Stat. (1997).
The question is whether Action Labor qualifies as a subcontractor for purposes of the Construction Lien Law. At the time of contracting, the definition of subcontractor was:
(26) "Subcontractor" means a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract, including the removal of solid waste from the real property.
§ 713.01(26), Fla. Stat. (Supp.1998) (emphasis added).
In this case Action Labor entered into a contract with the general contractor to supply laborers to the general contractor. The laborers performed part of the contractor's work under the general contract.
Under the statute, a subcontractor is one who enters into a contract with the contractor (in this case the general contractor) for the performance of any part of that contract. Thus, Action Labor qualifies as a subcontractor under the statute. Earlier cases reaching this conclusion are Runyon Enters., Inc. v. S.T. Wicole Const. Corp. of Florida, Inc., 677 So.2d 909, 910-11 (Fla. 4th DCA 1996), and Hey Kiley Man, Inc. v. Azalea Gardens Apartments, 333 So.2d 48, 49-51 (Fla. 2d DCA 1976). The summary judgment should be reversed.
NOTES
[1] Appellant places primary reliance on Hey Kiley Man, Inc. v. Azalea Gardens Apartments, 333 So.2d 48 (Fla. 2d DCA 1976) for its argument that it is a proper mechanics lien claimant. Appellant's reliance is misplaced. The issue in Hey Kiley Man, Inc. was not the scope of the mechanics lien law, as is the case here, but rather whether the Florida Mechanics Lien Law afforded protection to "a sub-contractor several times removed from privity with an owner" under the law as it then existed. Hey Kiley Man, Inc. at 49 (emphasis added).
[2] Philips South Beach, LLC.
[3] Mursten Construction Group, Inc.
[4] Liberty Mutual Insurance Co.